■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM NARDO, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Greene County (Fromer, J.), rendered December 12, 1985, upon a verdict convicting defendant of the crimes of criminal possession of stolen property in the first degree and criminal possession of a forged instrument in the second degree.

In October 1984 defendant was indicted by a Grand Jury on charges of grand larceny in the second degree, criminal possession of stolen property in the first degree and criminal possession of a forged instrument in the second degree. The charges stemmed from his involvement in a scheme with his live-in girlfriend, Ann Nelson. Nelson stole traveler's checks on almost a daily basis from the vault of the Marine Midland Bank in the Village of Catskill, Greene County, where she was employed as a teller during April and May 1984. Defendant would pick Nelson up outside the bank and then they would

sign the traveler's checks using the names "Carl P. Johansson" and "Doramay Foxx". Defendant and Nelson possessed false identifications for those names which they had purchased in New York City. They used the traveler's checks to obtain cash or make purchases at places such as State Bank of Albany, Kennedy Airport and Zale's Jewelry Store.

During the same time period, Nelson was also attempting to negotiate various other forged checks which she had obtained in New York City. As a result of evidence gathered in the investigation of Nelson's various criminal activities, a search warrant was issued authorizing the police to search Nelson's apartment. Nelson and defendant lived together in the same apartment and, during the search of the apartment, certain evidence incriminating defendant was also obtained.

Nelson was subsequently arrested on charges related to her various criminal activities. She was allowed to enter a favorable plea in exchange for her agreement to testify against defendant. Following a jury trial, defendant was found guilty of the charges of criminal possession of stolen property in the first degree and criminal possession of a forged instrument in the second degree. This appeal followed.

The first issue raised by defendant is whether certain evidence seized during the search of the apartment which he and Nelson shared should have been suppressed. This evidence was used to corroborate the accomplice testimony of Nelson at trial. Defendant contends that the search warrant application failed to set forth sufficient allegations and reliable factual information for the court to make an independent determination of probable cause (see, People v P. J. Video, 68 NY2d 296, 306-307, cert denied 479 US 1091; People v Potwora, 48 NY2d 91). The record contains sworn statements from three individuals who were employees at a store where defendant had attempted to cash forged checks. These individuals each had direct contact with Nelson regarding the cashing of a check and set forth these facts in detail in their affidavits. These statements, along with a photograph of Nelson attempting to cash a forged check, had been obtained by police before the search warrant application was made. However, it is not clear from the record whether this evidence was presented to the court with the search warrant application. Since several of defendant's arguments depend on this key issue and the record simply is not clear, we deem it prudent to withhold decision and remit the matter for clarification as to which of the items in this record were before the court issuing the search warrant.

Decision withheld, and matter remitted to the County Court of Greene County for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.