■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM R. NARDO, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Greene County (Fromer, J.), rendered December 12, 1985, upon a verdict convicting defendant of the crimes of criminal possession of stolen property in the first degree and criminal possession of a forged instrument in the second degree.

The salient facts of this case are explained in greater detail in this court's earlier consideration of this appeal (144 AD2d 884). Briefly stated, defendant was found guilty after a jury trial of the crimes of criminal possession of stolen property in the first degree and criminal possession of a forged instrument in the second degree. Evidence at trial detailed defendant's involvement in a scheme with his live-in girlfriend, Ann Nelson, whereby Nelson stole traveler's checks from the bank where she was employed and then she and defendant would cash these checks in various locations using false identification. On appeal, the first issue raised by defendant was whether certain evidence seized during a search of the apartment he and Nelson shared should have been suppressed due to an allegedly faulty search warrant application. The record was unclear as to what evidence accompanied the submission of the search warrant application. Accordingly, we withheld our decision and remitted the matter to County Court for clarification of what evidentiary matter was before the court which issued the search warrant. A hearing on this issue was held and the matter is now once again before us for our resolution of the issues raised by defendant.

We affirm. Upon reviewing the hearing minutes we are satisfied that the subject search warrant application set forth sufficient allegations and reliable information for the court to make an independent determination of probable cause *(see, People v P. J. Video,* 68 NY2d 296, 306-307, *cert denied* 479 US 1091; *People v Balzer,* 145 AD2d 744, *lv denied* 73 NY2d 1011). While the particular Village Justice who reviewed the warrant application is now retired and was not available to be examined, nonetheless, the police officer who submitted the application testified specifically that the warrant application was accompanied by, among other things, three sworn statements from three employees at a store where Nelson unsuccessfully attempted to cash a forged check. Also attached was a series of photographs taken of Nelson at that time. Since the police officer's uncontradicted testimony was credible, we duly find that the ensuing search warrant was proper and the items seized by the search need not be suppressed.

Turning to the remaining issues raised by defendant on appeal, we next find that the People were properly permitted to file a late notice of intent to offer the identification evidence of a jewelry store manager, Timothy Ryan, who identified defendant from a photographic array as the man who gave him forged traveler's checks signed "Carl P. Johansson" in payment for a gold charm. Although we note that the original notice served with the indictment was insufficiently specific to satisfy CPL 710.30, the late service of the notice of intent was not erroneous since the record shows that defendant was actually cognizant of the expected identification by Ryan, as well as the underlying photographic array, approximately 10 months before trial. Moreover, a *Wade* hearing was conducted several months before trial in which defendant unsuccessfully moved to suppress Ryan's identification testimony based on lack of witness credibility. Defendant also failed to submit requested papers in support of his motion to suppress based on the purported suggestiveness of the underlying photographic array. Accordingly, under CPL 710.30 (3), the identification evidence was admissible regardless of the tardy service of the notice of intent *(see, People v Banks,* 77 AD2d 742; *see also, People v Rivera,* 53 NY2d 1005, 1006).

In a similar vein, we are unpersuaded by defendant's contention that County Court improperly denied his request for a preclusion order notwithstanding the People's tardy response to defendant's demand to produce (CPL 240.80). "[T]he extreme sanction of preclusion is warranted only where undue prejudice will result from the failure to produce" *(People v*

*Kehn,* 109 AD2d 912, 914). Here, defendant was not prejudiced by the over two-month delay by the People in responding to the notice. Although late, the response was received approximately 10 months prior to trial, giving defendant ample time to prepare.

Next, we reject defendant's contention that there was insufficient evidence adduced at trial to prove beyond a reasonable doubt that he committed the crimes of criminal possession of stolen property in the first degree and criminal possession of a forged instrument in the second degree. Despite defendant's arguments otherwise, there was sufficient evidence admitted at trial to corroborate the testimony of Nelson, an accomplice *(see,* CPL 60.22), and thereby connect defendant with the commission of the crimes *(see, People v Hudson,* 51 NY2d 233, 238). Here, aside from Nelson's testimony, the People produced as evidence the contents of defendant's wallet, seized pursuant to the search warrant and which contained identification in defendant's name as well as in the name Carl P. Johansson. Further, Ryan testified as to defendant's jewelry store transaction. In addition, the manager of the bank where Nelson stole the traveler's checks positively identified several stolen checks from his bank signed in the unauthorized names of "Carl P. Johansson" and also in Nelson's alias, "Doramay Foxx". Finally, defendant's voluntary written statement indicated that he owned a false driver's license in the name of Johansson. All of this evidence served to amply corroborate Nelson's testimony and we find the verdicts to be sufficiently supported by the evidence *(see, People v Alhadi,* 151 AD2d 873).

The remaining issues raised by defendant have been examined and have been found to be unpersuasive. Contrary to defendant's assertions, no prejudice accrued to him by the fact that the People were permitted to slightly amend the last count of the indictment so as to more closely conform the indictment to the proof *(see,* CPL 200.70; *People v Clapper,* 123 AD2d 484, *lv denied* 69 NY2d 825; *People v Petterson,* 103 AD2d 811, 812) and to the statutory language of that crime *(see,* Penal Law § 170.25).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.