OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 The indeterminate sentence of 3V2 to 7 years defendant received upon his conviction for escape in the first degree, in addition to the Department of Correctional Services’ disciplinary sanction of 15 years’ confinement in a Special Housing Unit for the same conduct, does not violate the Double Jeopardy Clauses of either the Federal (US Const 5th Amend) or State Constitution (NY Const, art I, § 6).
 

 In 1981, defendant was convicted of two counts of murder, two counts of robbery in the first degree and one count of robbery in the second degree. He was sentenced to concurrent terms of 25 years to life for the murder convictions, followed by one consecutive 10-to-20-year sentence for robbery in the first degree. In 1983, while serving the foregoing sentence, defendant escaped from the Elmira Correctional Facility and was subsequently convicted of escape in the first degree and sentenced to a consecutive term of 2 to 4 years. In 1988, defendant was convicted of attempted escape in the first degree and was sentenced to another consecutive term of IV2 to 3 years.
 

 The instant escape offense was committed while defendant was incarcerated on those previous sentences at Shawangunk
 
 *827
 
 Correctional Facility. Defendant escaped with the help of three other inmates and a former cellmate who had been paroled. The parolee told the authorities that part of the plan was for him to provide a gun to the escapees. Moreover, in the disciplinary proceeding defendant acknowledged that he would avail himself of any opportunity to escape again. Under these circumstances, the disciplinary penalty of confinement in the Special Housing Unit and loss of privileges for 15 years was manifestly related to the legitimate, noncriminal, correctional goals of maintaining safety, discipline and order in the prison (see,
 
 People v Vasquez,
 
 89 NY2d 521, 532). Specifically, it should prevent defendant from conspiring with others in an attempt to escape as he did in this case. Moreover, the penalty should serve to deter other inmates from attempting to escape or violating other prison rules. Thus, we conclude that the disciplinary sanctions that were imposed here were not “so grossly unrelated to the noncriminal governmental objectives at stake in a prison environment that they may only be viewed as criminal punishment”
 
 (id.).
 
 Thus, double jeopardy did not bar the imposition of an additional sentence of imprisonment for defendant’s conviction of a separate criminal offense arising out of the same escape.
 

 We also agree with the Appellate Division that the combined criminal and disciplinary sanctions imposed under the foregoing circumstances were not cruel and unusual punishment.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed in a memorandum.