■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN P. McDONALD, Appellant. [737 NYS2d 446] —Appeal from a judgment of Ontario County Court (Doran, J.), entered June 2, 2000, convicting defendant after a jury trial of, inter alia, assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and as a matter of discretion in the interest of justice, count three of the indictment is dismissed and a new trial is granted on counts one and two of the indictment.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of assault in the second degree (Penal Law § 120.05 [3]), resisting arrest (Penal Law § 205.30), and harassment in the second degree (Penal Law § 240.26 [1]). County Court erred in denying defendant's challenge for cause to a prospective juror. During jury selection, the juror informed the court that he had attended school with a prosecution witness. The juror further admitted to defense counsel that he would tend to believe that witness "more than somebody that [he] did not know." The juror did not provide an unequivocal assurance that he could put his bias aside and render a fair and impartial verdict. "If there is any doubt about a prospective juror's impartiality, trial courts should err on the side of excusing the juror" (People v Arnold, 96 NY2d 358, 362). Because defendant exhausted all of his peremptory challenges before the completion of jury selection, the court's erroneous ruling constitutes reversible error (see, People v Guzman, 76 NY2d 1, 4) and a new trial is granted.

We also agree with defendant that the court's instruction on the lawful duty element of assault in the second degree (Penal Law § 120.05 [3]) was improper. The court erred in instructing the jury that "lawful duty" was "performing an official function of any kind" and instead should have instructed the jury pursuant to CPL 140.25, which sets forth the duties of a peace officer (see generally, People v Greene, 221 AD2d 559, 559-560). Further, the court should have instructed the jury concerning the ways in which the lawful duties of a peace officer would change depending on whether the peace officer was acting either within or outside the geographical area of his employment.

Finally, defendant contends that count three of the indictment charging him with harassment in the second degree is defective because it failed to allege that he acted "with intent to harass, annoy or alarm another person" (Penal Law § 240.26 [1]). We agree. Although defendant failed to preserve his contention for our review, we nevertheless exercise our power to address that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). The evidence is legally sufficient to support the conviction and the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). In light of our determination to reverse, it is unnecessary to reach defendant's remaining contentions. We therefore reverse the judgment of conviction, dismiss count three of the indictment and grant a new trial on counts one and two of the indictment. Present—Green, J.P., Hayes, Scudder, Gorski and Lawton, JJ. [As amended by unpublished order entered Mar. 15, 2002.]