■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARONE H. OCEAN, Appellant. [740 NYS2d 902] —Appeal from a judgment of Oneida County Court (Dwyer, J.), entered December 17, 1997, convicting defendant after a jury trial of promoting prison contraband in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is reversed on the law and a new trial is granted.

Memorandum: On appeal from a judgment convicting him after a jury trial of promoting prison contraband in the first degree (Penal Law § 205.25 [2]), defendant contends that reversal is required based on County Court's denial of his challenge for cause to a prospective juror. We agree. Defendant exhausted all of his peremptory challenges before the completion of jury selection, and thus his contention is properly before us (*see People v Guzman,* 76 NY2d 1, 4). During jury selection, the juror at issue displayed a bias likely to preclude her from rendering an impartial verdict, and she did not provide an unequivocal assurance that she could put her bias aside and render a fair and impartial verdict. "If there is any doubt about a prospective juror's impartiality, trial courts should err on the side of excusing the juror" (*People v Arnold,* 96 NY2d 358, 362; *see People v McDonald,* 291 AD2d 832). We therefore reverse the judgment of conviction and grant a new trial.

The conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495). In light of our determination, we do not reach defendant's remaining contention.

All concur except Wisner and Scudder, JJ., who dissent and vote to affirm in the following memorandum.

Wisner and Scudder, JJ. (dissenting). We respectfully dissent. Upon questioning by County Court, the juror at issue did not indicate that she "has a state of mind that is likely to preclude [her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]). She indicated that "no matter what the fact situation is * * * [she could] keep an open mind, listen to the facts as [they are] presented and then make a determination one way or the other." She stated that she "would call it as [she] see[s] it" and further indicated that she could "be fair to both sides." In our view, *People v Arnold* (96 NY2d 358) requires no more. Thus, on this

record, it cannot be said that the court abused its discretion in denying defendant's challenge for cause (*see id.* at 363; *see also People v Chambers*, 97 NY2d 417). Present—Pine, J.P., Wisner, Scudder, Gorski and Lawton, JJ.