■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY WALTON, Appellant. [785 NYS2d 787]—

Kane, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), entered June 29, 2001, upon a verdict convicting defendant of the crimes of robbery in the first degree, robbery in the second degree and burglary in the first degree.

Defendant was charged in a three-count indictment with robbery in the first degree, robbery in the second degree and burglary in the first degree after several individuals entered the living quarters above a funeral home, injured the elderly residents and removed valuable items including jewelry and a safe. A jury convicted defendant of all three counts, resulting in this appeal.

Defendant does not deny that these crimes occurred. His only contention is that the evidence was legally insufficient to support his conviction because there was no proof that positively placed him at the scene of the crimes. We reject that contention because the evidence adequately proved that defendant was present and committed these crimes. Jada Heath, who described herself as defendant's girlfriend, testified that she drove defendant and his two male codefendants to the funeral home on the

day in question. She also testified that defendant suggested the best time to attempt this burglary and, when they first approached the funeral home and learned someone was there, defendant suggested that they go in while only one person was home, tie him up and take the valuables. She saw defendant and the other two black male codefendants go inside. Defendant came out and told her where to park in the driveway of the funeral home, then reentered the building. The men then came out with a safe. After they placed the safe in her trunk, Heath drove to another location where the men unloaded it. Defendant's attacks against Heath's testimony boil down to a question of credibility, which the jury was free to resolve after observing the witness (*see People v Battease,* 3 AD3d 601, 602 [2004]; *People v Zabala,* 290 AD2d 578, 579 [2002], *lv denied* 97 NY2d 735 [2002]).

Heath's testimony was supported by other evidence. The victims' neighbor saw Heath's car outside her house at the time of the crime and wrote down the license plate number because she thought the occupants acted in an unusual manner. She had seen the same car and occupants there earlier that day. At the time the crimes were committed, she saw a black female driving and three black males exiting the vehicle and walking up the funeral home's driveway. This testimony paralleled Heath's version of events. Two other women, friends of defendant and his cohorts, testified that the day after the burglary, defendant and his codefendants had new jewelry matching the description of pieces taken from the victims. The women also heard defendant and his codefendants whispering and talking about Heath's arrest. Specifically, defendant stated that Heath would keep quiet if they paid for her lawyer, took care of her daughter and brought her money for the jail commissary. Although defendant testified and called two witnesses presenting an alibi, it was reasonable for the jury to discount that testimony based on damaging cross-examination and rebuttal. Considering all of the testimony, the prosecution proffered legally sufficient evidence to create a valid line of reasoning and permissible inferences to permit a jury to determine that defendant was at the scene of the crime and involved in perpetrating it, and such a verdict was not against the weight of the evidence (*see People v Jackson,* 2 AD3d 893, 896-897 [2003], *lv denied* 1 NY3d 629 [2004]; *People v Jegede,* 304 AD2d 850, 851 [2003], *lv denied* 100 NY2d 539 [2003]; *People v Wood,* 299 AD2d 739, 741-744 [2002], *lv denied* 99 NY2d 621 [2003]).

Spain, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.