■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HEATH B. RUSSELL, Appellant. [791 NYS2d 198]—

Crew III, J. Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered May 28, 2003, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts) and criminal possession of a weapon in the fourth degree.

Defendant was indicted and charged, in a three-count indictment, with murder in the second degree (two counts) and criminal possession of a weapon in the fourth degree. Following a jury trial, defendant was convicted as charged and sentenced to terms of imprisonment of 25 years to life for each count of murder and one year for his conviction of criminal possession of a weapon in the fourth degree, all sentences to run concurrently. Defendant now appeals.

Initially, defendant contends that the search warrants issued for his residence and garage were unsupported by probable cause. We disagree. The factual assertions supporting the applications reasonably demonstrated that the victim was the subject of foul play and that forensic evidence may well be found in the places sought to be searched. Insofar as defendant claims that the issuing court erred in finding "reasonable cause," as

opposed to "probable cause," in justifying issuance of the warrants, we need note only that the terms have been held to be interchangeable (*see e.g. People v Curry*, 294 AD2d 608, 610 [2002], *lv denied* 98 NY2d 674 [2002]). Indeed, "reasonable cause" is the quantum of evidence required by the statute authorizing the issuance of such warrants (*see* CPL 690.40 [2]).

Next defendant contends that County Court erred in denying one of his challenges for cause. We agree. During jury selection, defense counsel asked the prospective jurors if their ability to be impartial would be affected if defendant exercised his right not to testify. In response, four jurors indicated that defendant's failure to testify would affect their ability to be impartial, while two jurors indicated that such failure might influence them. Immediately thereafter, County Court, sua sponte, excused four jurors (presumably those who asserted that defendant's failure to testify would influence their determination). The prosecutor then exercised a peremptory challenge as to one of the two remaining jurors who had indicated that such failure might influence them. Defense counsel challenged the remaining juror for cause. The prosecutor objected to the challenge, asserting that the juror's response was merely equivocal, and County Court denied the challenge.* Defense counsel then challenged the juror peremptorily and jury selection continued.

CPL 270.20 (1) (b) provides that a party may challenge a prospective juror for cause if the juror "has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial." It has been made clear that a prospective juror's statement that a defendant's decision not to testify "might" influence his or her ability to be impartial is sufficient to cast serious doubt on his or her ability to render a fair verdict (*see People v Bludson*, 97 NY2d 644, 646 [2001]). Accordingly, where a challenge for cause on this ground is denied and a defendant subsequently exhausts his or her peremptory challenges prior to the jury being sworn, an ensuing verdict must be set aside and a new trial ordered (*see id.*).

Notwithstanding, the People assert that with only two jurors remaining to "fill" the jury, defense counsel's exercise of his only remaining peremptory challenge as to one such juror was "nothing more than a tactical move for appellate purposes," thus apparently claiming that any error was harmless in light of the overwhelming evidence of defendant's guilt. While review

---

* County Court did not elicit an "expurgatory oath" obtaining from the juror an unequivocal assurance that he could render an impartial verdict (*see e.g. People v Bludson*, 97 NY2d 644 [2001]).

of the record indeed indicates that the evidence of defendant's guilt was substantial, an improper denial of a challenge for cause is not subject to harmless error analysis (*see e.g. People v Hausman*, 285 AD2d 352 [2001], *lv denied* 97 NY2d 656 [2001]). Where, as here, a prospective juror reveals a state of mind that might preclude impartial service, it is error if the trial court fails to either obtain an unequivocal assurance that the juror could set aside that bias and render an impartial verdict or excuse the juror for cause (*see People v Johnson*, 94 NY2d 600, 614-615 [2000]), and such error mandates reversal and a new trial.

While our decision obviates the need to pass on defendant's remaining contentions, we offer the following in aid of County Court's rulings in the event of a new trial. First, defendant contends that County Court erred in its rulings regarding defendant's prior uncharged crimes. We agree that evidence of defendant's assaultive conduct with regard to Victoria Hayes was material as to his motive and modus operandi (*see People v Molineux*, 168 NY 264 [1901]). However, such proof should have been limited to Hayes and the manner in which such assaults occurred as to her, as well as the victim's attempt to act as a mediator and her attempts to convince her daughter to end her relationship with defendant, to the extent that it can be demonstrated that defendant was aware of such efforts. Next, defendant correctly asserts that County Court erred in failing to give limiting instructions to the jury as to the purpose and use of such evidence, both at the time of its receipt and in the final jury charge. Such instructions should be given in the event of a new trial.

Finally, we agree with defendant's contention that the verdict convicting him of intentional murder as well as depraved mind murder is inconsistent because guilt of one negates guilt of the other (*see People v Gonzalez*, 1 NY3d 464, 468 [2004]). While both counts may properly be submitted to the jury, they may be so submitted only in the alternative (*see People v Gallagher*, 69 NY2d 525, 530 [1987]). Accordingly, in the event of a new trial, County Court should submit the two murder counts in the alternative.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Warren County for a new trial.