■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRELL M. DAVIS, Appellant. [797 NYS2d 673]—

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered December 16, 2003. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree, sexual abuse in the first degree (two counts) and forcible touching.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed as a matter of discretion in the interest of justice and on the law and a new trial is granted on counts two and four through six of the indictment.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of one count each of sodomy in the first degree (Penal Law former § 130.50 [1]) and forcible touching (§ 130.52) and two counts of sexual abuse in the first degree (§ 130.65 [1]). We reject the contention of defendant that County Court erred in denying his motion to sever the charges involving two different victims. The crimes charged were joinable because they are "defined by the same or similar statutory provisions and consequently are the same or similar in law" (CPL 200.20 [2] [c]; *see People v Bruce*, 216 AD2d 913, 914 [1995], *lv denied* 86 NY2d 872 [1995]). Defendant failed to establish that there was "[s]ubstantially more proof on one or more [of the] joinable offenses than on others and there [was] a substantial likelihood that the jury would be unable to consider separately the proof as it relate[d] to each offense" (CPL 200.20 [3] [a]; *see People v Jones*, 236 AD2d 846 [1997], *lv denied* 90 NY2d 859 [1997]). Indeed, defendant was acquitted of the charge of rape in the first degree with respect to one victim and convicted of the charges against the other victim, thus demonstrating that "[t]he proof with respect to each [victim] was straightforward and easily divisible" (*Jones*, 236 AD2d at 846). We further reject defendant's contention that the conviction of sexual abuse in the first degree is not supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant also contends that reversal is required because the court erred in denying his challenge for cause to a prospective juror. We agree. Even assuming, arguendo, that the People are correct that defendant failed to preserve his contention for our

review by a timely objection to that prospective juror, we nevertheless exercise our power to address defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v Rodriquez*, 299 AD2d 875 [2002]), and we conclude that the court erred in denying defendant's challenge for cause. The prospective juror at issue stated that she did not know if she could render a fair and impartial verdict based on the fact that another prospective juror, a correction officer, told the court in her presence that he knew defendant. The correction officer was excused, and the court then explained to the prospective juror at issue that a person could be placed in jail after an arrest but ultimately might not be convicted of a crime. Nevertheless, the prospective juror responded that she could not promise the court that her "thought processes" would not be affected by the fact that the correction officer knew defendant. Based on the equivocal response of the juror at issue regarding her ability to render an "impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]), we conclude that the court should have excused the prospective juror (*see People v McDonald*, 291 AD2d 832 [2002], *lv denied* 97 NY2d 757 [2002]).

In view of our determination, we do not address defendant's remaining contentions. Present—Green, J.P., Hurlbutt, Martoche, Lawton and Hayes, JJ.