■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY HEATH, Appellant. [805 NYS2d 688]—

Carpinello, J. Appeals (1) from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered July 28, 1998, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree, and (2) from a judgment of said court, rendered November 24, 1998, upon a verdict convicting defendant of the crime of assault in the first degree.

While defendant was serving a prison sentence in Coxsackie

Correctional Facility in Greene County, an incident occurred on the afternoon of January 14, 1996 wherein two correction officers were injured. It is undisputed that defendant slashed one of these correction officers with a razor blade on that day. He claims, however, that he was acting in self-defense. As a result of this incident, a prison disciplinary proceeding ensued which ultimately resulted in his confinement to the special housing unit for 10 years.

Defendant was also charged with four counts of assault in the first degree and promoting prison contraband in the first degree as a result of this incident. At the conclusion of a jury trial on these five charges, defendant was convicted of promoting prison contraband in the first degree and acquitted of three of the assault counts. The jury deadlocked on the remaining assault count. Upon retrial, however, he was convicted on this count. Defendant appeals from both judgments of conviction.

Defendant contends that reversal of his conviction of promoting prison contraband in the first degree is required because County Court erred in denying his challenge for cause to a prospective juror during the first trial. We agree. The prospective juror stated three times that she would tend to believe the testimony of a correction officer over that of a prison inmate. No follow-up questions were ever posed by County Court in an effort to assure that she would be impartial (*see People v Chambers,* 97 NY2d 417, 419 [2002]; *People v Bludson,* 97 NY2d 644, 646 [2001]). Defendant then exhausted all of his peremptory challenges before the completion of jury selection, including one on this particular prospective juror.

Because this juror's statements raised a serious doubt regarding her ability to be impartial and she never provided an unequivocal assurance that she could put this bias aside and render an impartial verdict, reversal is warranted and a new trial granted on this count (*see People v Davis,* 19 AD3d 1007 [2005]; *People v Russell,* 16 AD3d 776, 777 [2005], *lv denied* 5 NY3d 809 [2005]; *People v McDonald,* 291 AD2d 832 [2002], *lv dismissed* 97 NY2d 757 [2002]). We are not unmindful that defendant readily admitted during the first trial that he in fact possessed a razor blade on the day in question, that he slashed the subject correction officer with it and that a razor blade is prohibited contraband for a prison inmate. However, even though the evidence was overwhelming, "an improper denial of a challenge for cause is not subject to harmless error analysis" (*People v Russell, supra* at 778; *see People v Hausman,* 285 AD2d 352 [2001], *lv denied* 97 NY2d 656 [2001]).

No other issue raised by defendant has merit. The criminal

prosecution of defendant for his conduct that day, despite the disciplinary sanction for the same conduct, does not violate the Double Jeopardy Clause of either the NY or US Constitution (*see People v Hart,* 93 NY2d 825, 826 [1999]; *People v Vasquez,* 89 NY2d 521, 532 [1997], *cert denied sub nom. Cordero v Lalor* 522 US 846 [1997]; *People v Reed,* 244 AD2d 782, 783 [1997], *lv denied* 91 NY2d 896 [1998]). Although the administrative penalty was indeed severe, we are unpersuaded that this is one of those "rare circumstances" where the disciplinary sentence was "so harsh and extreme as to invoke double jeopardy protection[ ]" (*People v Vasquez, supra* at 533; *see People v Hart, supra* [3½ to 7-year prison sentence, in addition to administrative sanction of 15 years of confinement in special housing unit, for escape in the first degree does not violate double jeopardy]).

Finally, we find no error in any of the challenged evidentiary rulings or County Court's charge to the jury and are unpersuaded that he received ineffective assistance of counsel at the second trial.

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment rendered July 28, 1998 is reversed, on the law, and matter remitted to the County Court of Greene County for a new trial on count five of the indictment. Ordered that the judgment rendered November 24, 1998 is affirmed.