■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN McLEAN, Appellant. [808 NYS2d 437]—

Peters, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered October 28, 2003, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts), assault in the first degree and criminal use of a firearm in the first degree, and the violations of unlicensed operation of a motor vehicle and operating a motor vehicle out of class.

Defendant shot and killed his parents in their home on May 25, 2002. Defendant was indicted and, following a jury trial, convicted of murder in the second degree (two counts), assault in the first degree, criminal use of a firearm in the first degree, unlicensed operation of a motor vehicle and operating a motor vehicle out of class. After being sentenced to an aggregate term of imprisonment of 40 years to life, he appeals.

Defendant seeks a reversal of his conviction by contending that County Court erred in denying his challenge for cause to a prospective juror. The prospective juror advised counsel that media coverage prejudiced his feelings toward defendant and he admitted to County Court that he was "fighting" with putting it aside; later questioning by defense counsel did not dispel this cloud. County Court never questioned the juror further to determine whether he could be fair and impartial (*see People v Bludson*, 97 NY2d 644, 646 [2001]; *People v Chambers*, 97 NY2d 417, 419 [2002]). Defendant challenged the juror for cause. The court refused to excuse the juror, prompting defendant to exercise a peremptory challenge. Defendant exhausted his remaining peremptory challenges before jury selection was complete.

Despite overwhelming evidence of guilt at trial, this error requires our reversal. We have recently stated that " 'an improper denial of a challenge for cause is not subject to harmless error analysis' " (*People v Heath*, 24 AD3d 876, 877 [2005], quoting *People v Russell*, 16 AD3d 776, 778 [2005], *lv denied* 5 NY3d 809 [2005]). This prospective juror's statements clearly raised serious doubt concerning his ability to be impartial. If a potential juror's knowledge or opinions preclude his or her impartial service, "[he or she] must in some form give unequivocal assurance that [he or she] can set aside any bias and render an impartial verdict based on the evidence" (*People v Johnson*, 94 NY2d 600, 614 [2000]). As County Court made no effort to determine whether this potential juror could set aside his bias and render an impartial verdict, a new trial must be granted (*see People v Russell, supra* at 777; *People v McDonald*, 291 AD2d 832, 832 [2002], *lv denied* 97 NY2d 757 [2002]).*

Crew III, J.P., Spain and Mugglin, JJ., concur. Ordered that

---

* This is the third time this year that we are compelled to reverse a conviction on these grounds (*see People v Heath, supra*; *People v Russell, supra*). For that reason, we deem it timely to repeat the cautionary instructions iterated by the Court of Appeals in *People v Johnson* (*supra*): "When potential jurors themselves say they question or doubt they can be fair in the case, Trial Judges should either elicit some unequivocal assurance of their ability to be impartial when that is appropriate, or excuse the juror when that is appropriate. The 'worst the court will have done in most cases is to have replaced one impartial juror with another impartial juror' " (*id.* at 616, quoting *People v Culhane*, 33 NY2d 90, 108 n 3 [1973]). Later, in *People v Chambers* (*supra*), the Court guided: "when a prospective juror qualifies a 'yes' or 'no' response regarding the ability to be fair with words such as 'I think' or 'I'll try,' an additional question or two at voir dire would easily dispel any doubt as to equivocation, assure an impartial jury, and avoid the delay, and risk, of appeals" (*id.* at 419).

the judgment is reversed, on the law, and matter remitted to the County Court of Clinton County for a new trial.

