■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN PETTAWAY, Also Known as SHAWN PETTAWAY, Appellant. [817 NYS2d 31]—

Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered July 24, 2003, convicting defendant, after a jury trial, of 6 counts of criminal possession of a weapon in the third degree, 7 counts of criminal possession of a weapon in the fourth degree and 19 counts of criminal sale of a firearm in the third degree, and sentencing him, as a second violent felony offender,

to an aggregate term of 87½ to 133 years, unanimously affirmed.

The court properly exercised its discretion in admitting uncharged crimes evidence relating to firearms transactions in Virginia, since these transactions, along with the numerous charged transactions, were all part of a common scheme or plan whereby defendant and his accomplices acquired firearms in Virginia and sold them in New York (*see People v Duffy*, 212 NY 57, 66-71 [1914]), and since the uncharged crimes evidence was inextricably linked with the trial evidence, completed the narrative, and explained how defendant was able to obtain large quantities of firearms to sell (*see People v Till*, 87 NY2d 835 [1995]). This evidence was admissible because its probative value outweighed its prejudicial effect, and the People were not also required to prove that the evidence was necessary (*People v Alvino*, 71 NY2d 233, 245 [1987]). To the extent that defendant is raising a constitutional claim regarding this evidence, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. It is questionable whether uncharged crimes evidence presents a constitutional issue to begin with, since, in *Estelle v McGuire* (502 US 62, 75 n 5 [1991]), the Supreme Court of the United States expressed "no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime." In any event, here the evidence was admitted, with thorough limiting instructions, for legitimate nonpropensity purposes.

The court properly exercised its discretion in denying defendant's posttrial request for new counsel. Defendant received a full opportunity to be heard, and his unelaborated complaint simply expressed general disagreement with counsel over trial strategy, which was not good cause upon which to assign new counsel for sentencing, and which did not require a more extended inquiry (*see People v Sides*, 75 NY2d 822 [1990]). Furthermore, the record establishes that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]) at both trial and sentencing.

Defendant's challenges to the sufficiency of the evidence and to the court's charge are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal.

We perceive no basis for reducing the sentence, which, we

note, is deemed by operation of law to be a sentence of 20 years (*see* Penal Law § 70.30 [1] [e] [ii] [A]). Concur—Mazzarelli, J.P., Friedman, Nardelli, Gonzalez and Catterson, JJ.