■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIEL BUSRETH, Appellant. [824 NYS2d 814]—

Carpinello, J.P. Appeal from a judgment of the County Court of Schenectady County (Cortese, J.), rendered February 18, 2005, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

Following a jury trial, defendant was found guilty of two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree stemming from sales of crack cocaine to confidential informants in the course of separate drug operations conducted by the City of Schenectady Police Department.* A posttrial motion to set aside this verdict on the ground of juror misconduct was denied without a hearing. Defendant now appeals. Finding no merit to any of his contentions, we affirm.

Defendant first claims that County Court erred in denying two challenges for cause to prospective jurors. According to defendant, one juror should have been removed for cause because his comments during voir dire—wherein he revealed that he had been the victim of a larceny crime because of another's drug use and expressed disgust with the decline in the City of Schenectady because of drug activity—demonstrated that he

* Defendant was found not guilty of two other like charges stemming from an alleged third sale. Moreover, this was defendant's third trial on the subject charges, the first two having resulted in mistrials, albeit for different reasons each time.

was unable to be fair and impartial (*see* CPL 270.20 [1] [b]). Even assuming that this juror's comments indicated a state of mind likely to preclude impartial service, the juror ultimately made an appropriate assurance that he would be fair and impartial and that he would render a verdict based solely on the evidence presented (*cf. People v McLean*, 24 AD3d 1110, 1111 [2005]; *People v Heath*, 24 AD3d 876, 877 [2005], *lv denied* 6 NY3d 813 [2006]; *People v Russell*, 16 AD3d 776, 777 [2005], *lv denied* 5 NY3d 809 [2005]). Thus, we find no abuse of discretion in County Court's denial of the request to dismiss him for cause (*see People v Johnson*, 94 NY2d 600, 614-615 [2000]; *People v Blyden*, 55 NY2d 73 [1982]; *People v Butts*, 140 AD2d 739, 740-741 [1988]).

Defendant also argues that another juror should have been removed for cause because she disclosed during voir dire that she suffers from a medical condition which gives her chronic headaches and that certain prescription medications, when taken, make her sleepy and unable to concentrate. When probed, however, she explained that she does not take these prescribed drugs on a daily basis, that the pain relievers she does take on a daily basis do not make her tired and that she is usually able to get through her work day despite her condition. Since nothing revealed by this juror rendered her unqualified to serve (*see* Judiciary Law § 510), we find no error in denying defendant's challenge for cause (*see People v Santiago*, 277 AD2d 258, 259 [2000], *lv denied* 98 NY2d 772 [2002]).

Nor are we persuaded that this same juror should have thereafter been discharged as "grossly disqualified" because she was observed by County Court nodding off a little during the trial. County Court conducted an appropriate inquiry in the presence of counsel (*see People v Buford*, 69 NY2d 290, 298 [1987]) and was satisfied that she was able to continue serving as a juror. While defendant now takes issue with County Court's failure to ask certain questions of her, this claim is not sufficiently preserved for review since defense counsel neither objected to the court's inquiry nor asked such questions himself during his own inquiry (*see People v Wright*, 16 AD3d 1113 [2005], *lv denied* 4 NY3d 857 [2005]; *People v Martinez*, 224 AD2d 326 [1996], *lv denied* 88 NY2d 989 [1996]; *People v Jones*, 213 AD2d 250 [1995], *lv denied* 86 NY2d 796 [1995]). Thus, we find no basis to conclude that this juror should have been discharged as grossly unqualified.

The contention that County Court was biased against defense counsel is also unpreserved for our review (*see People v Lebron*, 305 AD2d 799, 800 [2003], *lv denied* 100 NY2d 583 [2003]; *People*

*v Maxam*, 301 AD2d 791, 793 [2003], *lv denied* 99 NY2d 617 [2003]) and, in any event, unpersuasive based upon our review of the record. Equally unpersuasive is the novel argument that defendant was entitled to a missing witness-type charge regarding a particular police detective's failure to testify at the prior grand jury proceedings and trials even though he testified at the subject trial.

Prior to sentencing, defendant moved to set aside the verdict pursuant to CPL 330.30 (2) on the ground that one juror was allegedly coerced into the verdict by the other jurors. No affidavit, however, was produced from this juror. Under these circumstances, we find no error in County Court's denial of the motion without a hearing (*see* CPL 330.40 [2] [e] [ii]).

Defendant's remaining contentions have been considered and found to be unavailing.

Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.