■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE FAULKNER, Also Known as MALEEK, Appellant. [826 NYS2d 850]—

Kane, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered June 29, 2001, upon a verdict convicting defendant of the crimes of robbery in the first degree, robbery in the second degree and burglary in the first degree.

Defendant was convicted of robbery in the first degree, robbery in the second degree and burglary in the first degree as a result of his participation in the robbery of the living quarters above a funeral home. This Court previously affirmed the convictions of his codefendants (*People v Cancer*, 16 AD3d 835 [2005], *lv denied* 5 NY3d 826 [2005]; *People v Walton*, 13 AD3d 729 [2004], *lv denied* 4 NY3d 804 [2005]). Defendant now appeals.

Initially, we reject defendant's argument that police violated his rights under *Payton v New York* (445 US 573 [1980]) by effecting his warrantless arrest in the home of a female companion. A police officer testified at the suppression hearing that defendant stated that he did not live in the apartment where he was seized and the woman who did live there permitted the officers to enter and brought defendant to them (*see People v Ortiz*, 16 AD3d 831, 833 [2005], *lv denied* 4 NY3d 889 [2005]). Based on this testimony, his arrest was proper and his later statements were admissible.

Reversal is required due to County Court's denial of defendant's challenge to a juror. Verbatim transcription of voir dire may be waived, so that reversal is not mandated unless the defendant is prejudiced by the absence of a stenographic record (*see People v Harrison*, 85 NY2d 794, 796 [1995]). In considering whether a challenge for cause should have been granted, courts must look to the full record of what the challenged juror said, not merely snippets of the voir dire (*see People v Johnson*, 94 NY2d 600, 615-616 [2000]). Defendant was prejudiced here because the limited recording of voir dire fails to provide for full appellate review and, based only on the information in the rec-

ord, the juror in question should have been dismissed for cause. The potential juror at issue informed the court that he previously sat on a jury which convicted two members of the Cancer family. Tammar Cancer, a codefendant here, was tried in a separate nonjury trial. Defendant and his codefendant in this joint trial were both members of the Cancer family, although they had different surnames. Because of the limited transcription of the voir dire, it is not clear whether defendant was initially identified to the jury as a member of the Cancer family. Nevertheless, during trial the prosecutor elicited testimony that defendant was also known as Maleek Cancer.

When defense counsel moved to excuse the juror for cause, County Court specifically noted that the juror said the situation involving his prior jury service "might affect him." When potential jurors themselves state that they doubt or question their ability to be fair in the case, the trial judge should either probe further to elicit an unequivocal assurance that the juror can be fair and impartial or excuse the juror for cause (*see id.* at 616; *People v Russell*, 16 AD3d 776, 777 [2005], *lv denied* 5 NY3d 809 [2005]). Here, the record does not disclose whether further questions were asked to assure that the juror could sit impartially in order to support denial of defendant's challenge for cause. Under such circumstances, reversal is required (*see People v McLean*, 24 AD3d 1110, 1111 [2005]; *People v Russell, supra* at 777-778). Contrary to the People's argument, the court's denial of defendant's challenge for cause constituted reversible error because after that denial defendant exercised a peremptory challenge to the juror at issue and he and his codefendant exhausted their combined peremptory challenges before jury selection was completed (*see* CPL 270.20 [2]; *People v Garrison*, 30 AD3d 612, 613 [2006]).

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for a new trial.