■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HEATH B. RUSSELL, Appellant. [852 NYS2d 411]—Rose, J. Appeal from a judgment of the County Court of Warren County (Berke, J.), rendered October 20, 2005, upon a verdict convicting defendant of the crimes of murder in the second degree and criminal possession of a weapon in the fourth degree.

After this Court reversed defendant's earlier convictions and remitted the matter for a new jury trial (16 AD3d 776 [2005], *lv denied* 5 NY3d 809 [2005]), defendant was again convicted of the crimes of murder in the second degree and criminal possession of a weapon in the fourth degree, prompting this appeal. Among defendant's challenges to the conduct of his second trial is the claim that County Court failed to instruct the jury regarding the definition of reasonable doubt, burden of proof and the presumption of innocence, as reflected by the absence of these instructions from the trial transcript. When the People's counsel on the brief called this omission to the attention of the court reporter who had transcribed the trial proceedings, the latter submitted an eight-page "excerpt of jury charge" which he certified to be a transcript of the missing jury instructions. He also

submitted a letter explaining that the omission had occurred because his stenotype machine lost power during jury instructions and he then prepared the transcript from the computer disc, apparently without noticing the omission. In his reply brief, defendant notes that the transcript of the jury instructions originally filed flows smoothly and seamlessly from charge to charge. It does not stop in the middle of a word, sentence or charge, as might be expected if the machine had lost power. He disputes the authenticity of the "excerpt" and asks us to either ignore it or remit the matter to County Court to determine whether the transcript should be amended to include it. Since defendant has promptly objected to the inclusion of the "excerpt" in the record, and raised an issue as to whether the instructions recorded in the "excerpt" were given by County Court, we will withhold decision and remit the matter to County Court to settle the record (*see People v La Motte*, 276 AD2d 931, 932 [2000]; *People v Nardo*, 144 AD2d 884, 885 [1988]).

Cardona, P.J., Peters, Carpinello and Malone Jr., JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court's decision.