■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY WALTON, Appellant. [856 NYS2d 316]—

Kane, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered June 29, 2001, upon a verdict convicting defendant of the crimes of robbery in the first degree, robbery in the second degree and burglary in the first degree.

Following a jury trial, and by judgment rendered June 29, 2001, defendant was convicted of robbery in the first degree, robbery in the second degree and burglary in the first degree. Upon appeal, this Court affirmed (13 AD3d 729 [2004], *lv denied* 4 NY3d 804 [2005]). Thereafter, by judgment rendered December 14, 2001, defendant was convicted of, among other things, murder in the second degree and sentenced, as a second felony offender, to an aggregate term of imprisonment of 50 years to life. Defendant's appeal to this Court again proved unsuccessful (*People v Walton*, 16 AD3d 903 [2005], *lv denied* 5 NY3d 796 [2005]).

In January 2007, this Court reversed the conviction of a codefendant from his first trial, Terrance Faulkner, finding that County Court erred in denying a particular challenge for cause (*see People v Faulkner*, 36 AD3d 1071, 1072-1073 [2007]). Defendant then moved for a writ of error coram nobis to vacate this Court's prior decisions contending that he was denied the effective assistance of counsel on the two previous appeals. In May 2007, this Court granted the motion in part by vacating its December 2004 order and reinstating the appeal from the June 2001 judgment of conviction for the sole purpose of permitting defendant to contest County Court's denial of his challenge for cause (40 AD3d 1258 [2007]).

The potential juror at issue informed County Court that he previously sat on a jury that convicted two members of the Cancer family and that his prior service "might affect him" in the instant trial. Although they have different surnames, both defendant and Faulkner are members of the Cancer family, and the limited transcript of voir dire fails to disclose whether further questions were asked to ensure that the juror could be

impartial under the circumstances. Accordingly, our review of the record reveals, and the People concede, that defendant is entitled to the requested relief for the reasons set forth in this Court's decision in *People v Faulkner* (*supra*). The judgment of conviction rendered June 29, 2001 is therefore reversed, and this matter is remitted to County Court for a new trial.

Spain, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for a new trial.