(October 9, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HEATH B. RUSSELL, Appellant. [865 NYS2d 143]—

Rose, J. Appeal from a judgment of the County Court of Warren County (Berke, J.), rendered October 20, 2005, upon a verdict convicting defendant of the crimes of murder in the second degree and criminal possession of a weapon in the fourth degree.

After we reversed defendant's judgment of conviction and remitted for a new trial (16 AD3d 776 [2005], *lv denied* 5 NY3d 809 [2005]), he was again convicted of murder in the second degree and criminal possession of a weapon in the fourth degree, prompting this appeal. We withheld decision, however, upon finding that a portion of the jury instructions given by County Court (Berke, J.) might have been omitted from the trial transcript, and remitted the matter for the court to settle the record (48 AD3d 900 [2008]). Following a reconstruction hearing at which the Trial Judge, the court reporter who had transcribed the trial proceedings and the Assistant District Attorney testified, County Court (Pritzker, J.) settled the record by adding an eight-page excerpt reconstructed from the court reporter's manually recorded stenotype notes.

In light of the resettled record, which now includes instructions regarding reasonable doubt, burden of proof and presumption of innocence, there is no merit in defendant's original contention that County Court (Berke, J.) failed to give those instructions. Nor did County Court (Pritzker, J.) improperly settle the record. Given the testimony at the reconstruction hearing, the People established that the disputed jury instructions were given and only inadvertently omitted from the original transcript (*see People v Cohen*, 12 AD3d 1134, 1134 [2004]).

We are also unpersuaded that County Court (Berke, J.) erred

in denying defendant's challenges for cause during jury selection based upon two jurors' comments regarding media coverage. Although one prospective juror indicated that she had formed a negative opinion based upon a newspaper article, she then stated that she could put it aside and decide the case based upon the evidence. The second juror indicated that he had read a newspaper article about the case, but had not formed an opinion based upon it. Thus, both jurors demonstrated an ability to be fair and render an impartial verdict based upon the evidence, and it was not improper to deny defendant's challenge for cause (see e.g. People v Williams, 63 NY2d 882, 885 [1984]; People v Willard, 226 AD2d 1014, 1017-1018 [1996], lv dismissed 88 NY2d 943 [1996]).

We have considered defendant's remaining arguments regarding the prosecutor's alleged misconduct during summation and his own counsel's ineffective assistance, and find them both to be unavailing.

Cardona, P.J., Peters, Carpinello and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.