■ The People of the State of New York, Respondent, v Sylvia Mitchell, Appellant. [24 NYS3d 71]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered November 14, 2013, convicting defendant, after a jury trial, of grand larceny in the second degree, grand larceny in the third degree (seven counts), grand larceny in the fourth degree (two counts) and scheme to defraud in the first degree, and sentencing her to an aggregate term of 5 to 15 years, unanimously affirmed.

We held this appeal in abeyance (129 AD3d 404 [1st Dept 2015]) and directed a reconstruction hearing to establish the circumstances surrounding a jury note that appeared in the court file but that, on the trial transcript then before us, did not appear to have led to any discussion with counsel or response to the jury. After the reconstruction hearing, the court reporter was contacted, and she discovered that she had not transcribed two pages of trial minutes, which related to the note in question. The newly transcribed pages revealed that the court complied with the procedures required by *People v O'Rama* (78 NY2d 270 [1991]), including informing the parties of the note and the court's intended response, and giving that response to the jury. As the two pages were certified by the court reporter to be "a true and accurate transcript of the stenographic minutes taken within," the trial court properly declined to reopen the reconstruction hearing to permit defense

counsel to question the court reporter regarding those pages. Once the reporter located, transcribed and certified the minutes, there was no longer anything to reconstruct or resettle, and no need to take any further testimony. We have considered and rejected defendant's remaining arguments concerning the reconstruction proceedings and this Court's consideration of these pages of the transcript.

The transcript reveals that defendant did not object to the court's response to the jury note. Accordingly, her challenge to that response is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The court responded meaningfully (*see generally People v Malloy*, 55 NY2d 296, 302 [1982]) to the note, which stated "that we have come to a verdict on some charges but are hung on a few other charges." The court's simple request that the jury continue deliberations to try to reach a verdict was not unbalanced or coercive (*see People v Ford*, 78 NY2d 878 [1991]; *People v Pagan*, 45 NY2d 725 [1978]).

Turning to the remaining issues raised on the initial appeal, we likewise find no basis for reversal. The court properly admitted evidence of uncharged crimes as probative of defendant's intent (*see People v Alvino*, 71 NY2d 233, 242 [1987]), and the probative value of this evidence exceeded its potential for prejudice, which was minimized by the court's limiting instructions. Defendant's failure to fulfill her past promises to two prior victims of her scam, most notably promises to return money, was highly probative of her larcenous intent, including whether defendant intended to fulfill her promises to the victims of the charged crimes. Evidence that her past victims had told defendant that her predictions had not come true, and that she had reneged on her promises to return money was also relevant to refute any defense that defendant believed herself to be a true psychic who intended to, and did, provide the victims with the psychic services for which they had paid. Further, given how gullible the victims appeared, the testimony about defendant's past crimes helped to place the events in a believable context (*see e.g. People v Feliciano*, 301 AD2d 480 [1st Dept 2003], *lv denied* 100 NY2d 538 [2003]), by showing how other vulnerable victims had been deceived by defendant's implausible scam. Defendant's constitutional argument regarding the uncharged crimes evidence is both unpreserved and without merit (*see People v Pettaway*, 30 AD3d 257 [1st Dept 2006], *lv denied* 7 NY3d 816 [2006]). In any event, any error in this regard was harmless.

Of the evidentiary issues raised on appeal, the only ones

that are arguably preserved are those relating to evidence of a witness's thought processes and discovery of defendant's name on the Internet, and evidence of another witness's conversation with a person at defendant's shop. The court properly exercised its discretion in receiving all of this evidence, which was admissible to establish the state of mind of the respective witnesses in relevant contexts. Defendant's remaining evidentiary claims, and her arguments relating to the statute of limitations, the right to a speedy trial, the prosecutor's summation and the court's charge are all unpreserved and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits.

Defendant claims that her trial counsel rendered ineffective assistance by failing to raise the issues that defendant now raises for the first time on appeal. These ineffective assistance claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case (*see People v Cass*, 18 NY3d 553, 564 [2012]).

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Friedman, Manzanet-Daniels and Kapnick, JJ.