Fahey, J.
(concurring). I join the majority opinion in full, but write separately to express my view concerning the “better practices [that] could have been observed” in this case (majority op at 541).
Appeals in which the accuracy of a transcript is challenged and the parties “cannot agree on . . . amendments to the transcript” (CPLR 5525 [c] [1]) pose unusual difficulties. Atrial judge confronted with allegations of error in a record certified to the appellate court has the “duty ... to pass upon the accuracy of the record” (People v Buccufurri, 154 App Div 827, 828 [2d Dept 1913]; see generally People v Alomar, 93 NY2d 239, 245, 247 [1999]). As a general matter, a judge is best able to fulfill that responsibility by holding a reconstruction hearing that affords the judge and the litigants the benefit of all relevant evidence and a full adversarial process. Short of each party’s stipulation to revisions of the transcript, a reconstruction hearing will in many cases constitute the best means of resolving apparent errors in a record (see e.g. Alomar, 93 NY2d at 243-244; People v Russell, 55 AD3d 940, 940-941 [3d Dept 2008], lv denied 11 NY3d 900 [2008]; People v Marzug, 280 AD2d 974, 974 [4th Dept 2001], lv denied 96 NY2d 904 [2001]; People v Wiggins, 227 AD2d 918, 918-919 [4th Dept 1996], lv denied 88 NY2d 1072 [1996], denied upon reconsideration 89 NY2d 1016 [1997]; cf. People v Mitchell, 136 AD3d 401, 401-402 [1st Dept 2016], lv denied 27 NY3d 1003 [2016], denied reconsideration 27 NY3d 1136 [2016]).
A reconstruction hearing is especially advisable when, as here, the allegations are of the trial judge’s own error, because such a hearing enables the judge to avoid the appearance of impropriety. It is important to preserve not only the actual accuracy of court transcripts, but also the appearance of a fair and rigorous process for the reconstruction of portions of transcripts affected by human failures (see generally 22 NYCRR 100.2 [“A judge shall avoid impropriety and the appearance of impropriety in all of the judge’s activities”]).
A second recommended practice, to be followed by the litigants, relates to the situation in which a party to a criminal appeal believes (as in this case) that the party’s adversary is relying on an inaccurate transcription of the trial. In this situation, it would be preferable for the party to notify the trial judge, rather than the reporter, of the disputed portions of the transcript. This manner of notice allows the trial judge to ask *545 the court reporter to review his or her stenographic notes, provide copies for inspection to both parties, and, if useful in the judge’s discretion, provide testimony as to the proper interpretation of the notes.
In this appeal, the trial court “relied on the stenographer’s official certification of accuracy of the amended transcript, the affidavit of counsel recounting a conversation with that reporter as to the reason for the discrepancy in the two transcripts, and the context of the purported error” (majority op at 541-542). While I cannot say that the trial court acted outside its discretion in the circumstances of this case, the process was far from optimal. The trial court should at the very least have required an affidavit from the court reporter, explaining the discrepancies between the transcripts, rather than merely an affirmation from the assistant district attorney summarizing what the court reporter told her. The better practice would have been to conduct a hearing in which defense counsel could cross-examine the reporter about the errors. In that way, counsel can explore, and create a record on, the issue whether a transcript dispute turns on a stenographer’s error or an actual mistake by the court that implicates defendant’s right to a fair trial.