■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN PUJOLS, Appellant. [599 NYS2d 568] —Judgment, Supreme Court, New York County (Joan C. Sudolnik, J.), rendered May 7, 1990, convicting defendant, after jury trial, of attempted murder in the second degree, and sentencing him, as a second felony offender, to a term of 12½ to 25 years, and order of the same court dated January 27, 1992, denying defendant's motion to vacate the judgment pursuant to CPL 440.10, unanimously affirmed.

Contrary to defendant's argument, raised for the first time on appeal, his physical presence was not required at the brief sidebar questioning of a sitting juror (who had a known adenoid problem and had been observed dropping her head) as to whether she had been asleep during any portion of the trial. This questioning occurred in the presence of counsel, and the juror responded negatively, assuring the court and counsel that she had listened to and heard all of the testimony. This brief questioning had nothing to do with guilt or innocence, and thus defendant's physical absence at sidebar during this questioning "did not have a substantial effect upon his opportunity to defend" *(People v Mullen,* 44 NY2d 1, 6).

Review of the record indicates that the hearing court properly held that defendant did not meet his burden of proving by a preponderance of the evidence that *Rosario* material had not been turned over to him at trial *(see,* CPL 440.30 [6]). In addition, the hearing court's finding, after review of the two "unusual occurrence reports" placed into question, that they did not constitute *Rosario* material, is supported by the record and will not be disturbed by this Court *(People v Fonte,* 159 AD2d 346, *lv denied* 76 NY2d 734).

We perceive no abuse of discretion in sentencing. Concur—Sullivan, J. P., Carro, Wallach and Nardelli, JJ.