OPINION OF THE COURT
 

 Levine, J.
 

 Defendant was charged in a 35-count indictment with the crimes of grand larceny in the second degree (three counts), grand larceny in the third degree (three counts), criminal impersonation in the second degree (nine counts), scheme to defraud in the first degree (one count), fortune telling (nine counts), coercion in the first degree (nine counts), and menacing (one count). Following trial on the indictment, defendant was found guilty by the jury of one count of grand larceny in the second degree, four counts of grand larceny in the third degree, one count of scheme to defraud in the first degree, four counts of criminal impersonation in the second degree, and five counts of fortune telling.
 

 The Appellate Division, Second Department, modified by,
 
 inter alia,
 
 reducing the grand larceny in the second degree count to grand larceny in the third degree, and reversing two of the convictions for grand larceny in the third degree for insufficient notice in the accusatory pleadings (195 AD2d 578).
 

 Defendant now challenges the remaining convictions — three
 
 *444
 
 counts of grand larceny in the third degree, one count of scheme to defraud in the first degree, four counts of criminal impersonation in the second degree, and five counts of fortune telling — based on asserted fatal defects in the indictment. For the reasons that follow, we modify the order of the Appellate Division to reverse the convictions on the three counts of grand larceny, the five counts of fortune telling, and three of the four counts of criminal impersonation and direct dismissal of those counts. The convictions for scheme to defraud and for one count of criminal impersonation stand.
 

 I.
 

 The indictment charging defendant with 35 crimes fixed the time periods of the criminal acts in spans ranging from four months to five years, failed to identify the victims of the crimes, and alleged only that the crimes took place somewhere in Queens County. The People’s voluntary disclosure form gave no additional details as to the individual counts. Instead it simply described a scheme whereby defendant, "operating as a 'parapsychologist’ and counselor * * * held himself out as an FBI agent and threatened persons known to the grand jury with deportation, humiliation, exposure, physical harm and damage to reputation, and induced the above persons known to the grand jury to pay monies in excess of [$]50,000 and to attempt to obtain further monies illegally as well as obtain cocaine
 
 [sic]”.
 

 The defendant requested a bill of particulars specifying information about the complainants and the alleged crimes. The People’s bill of particulars did not set forth the dates on which those 35 crimes allegedly were committed. Nor did it name the complainants. Instead, it summarized superficially the Grand Jury testimony of each complainant designating each complainant by number. The bill of particulars did not match each anonymous, numbered victim with corresponding counts of the indictment.
 

 Six months before trial defense counsel was afforded additional discovery by being permitted to take notes from a copy of the Grand Jury minutes, from which the names of the witnesses had been redacted. On the eve of trial, defendant was provided with a copy of the redacted Grand Jury minutes and a witness list. At no time, however, did the prosecution link the names or numbers of victims to the counts of the indictment. In fact it was not until all of the complaining
 
 *445
 
 witnesses had testified and been cross-examined that the prosecutor was willing to commit the People as to which complainant corresponded to which count of grand larceny.
 

 II.
 

 A criminal indictment serves three purposes. First, it provides "the defendant with fair notice of the accusations made against him, so that he will be able to prepare a defense”
 
 (People v Iannone,
 
 45 NY2d 589, 594;
 
 see also, People v Morris,
 
 61 NY2d 290, 293;
 
 People v Keindl,
 
 68 NY2d 410, 416). Second, the indictment provides "some means of ensuring that the crime for which the defendant is brought to trial is in fact one for which he was indicted by the Grand Jury, rather than some alternative seized upon by the prosecution”
 
 (People v Iannone, supra,
 
 at 594 [citing
 
 Russell v United States,
 
 369 US 749, 770]). Finally, an indictment protects a criminal defendant from prosecution at another time for the same offense. Therefore, "an indictment must allege the crime charged with sufficient specificity to enable the defendant, once convicted, to raise the constitutional bar of double jeopardy against subsequent prosecutions for the same offense”
 
 (People v Keindl, supra,
 
 at 416;
 
 see also, People v Morris, supra,
 
 at 293;
 
 People v Iannone, supra,
 
 at 595).
 

 These requirements are rooted in statute (CPL 200.50, 200.30) and in our State’s Constitution (NY Const, art I, § 6). Where the indictment itself is inadequate, dismissal may be required. In some instances, however, the bill of particulars may be used to flesh out an inadequate indictment
 
 (People v Morris, supra,
 
 at 295). In any case, "[t]he determination of whether sufficient specificity to adequately prepare a defense has been provided to a defendant by the indictment and the bill of particulars must be made on an
 
 ad hoc
 
 basis by considering all the relevant circumstances”
 
 (id.,
 
 at 295).
 

 III.
 

 Defendant challenges the sufficiency of the indictment for the three remaining counts of grand larceny as to which he was convicted. We conclude that the indictment, even as augmented by the bill of particulars, was insufficient as to those grand larceny counts. The indictment accused defendant of taking more than $50,000 from each of three unnamed persons, somewhere in Queens County, some time in a 4-month, 15-month, and 5-year period respectively. The bill of
 
 *446
 
 particulars listed by number nine unnamed victims of which four could have corresponded to the three second degree grand larceny counts. While the bill of particulars gave some additional details as to the manner in which each of the numbered victims was defrauded, it did not in any other way connect any specifically numbered victim to a single second degree grand larceny count of the indictment.
 

 The foregoing information contained in the accusatory papers was wholly inadequate to allow defendant to put on a defense. He was not informed by the criminal pleadings of any narrowing information regarding the victims’ identities or the time or place of the criminal activity. Defense counsel was reduced to impeaching the individual credibility of the prosecution witnesses after they testified on direct examination, without knowing — even then — to which count the witness’ testimony was relevant. Under the circumstances of this case, the defendant was entitled to more information in order to prepare and wage a defense.
 

 Although there is no per se rule that requires an indictment to name the victim for each count alleged
 
 (see, e.g., People v Paolillo,
 
 307 NY 736,
 
 affg
 
 15 Misc 2d 1031;
 
 People v Coleman,
 
 178 AD2d 842,
 
 revd on other grounds
 
 81 NY2d 826), the indictment and bill of particulars must provide sufficient alternative information identifying the charged crime to satisfy statutory and constitutional requirements. Here, defendant faced a complex 35-count indictment which not only left victims unnamed but provided no definiteness as to the dates, times, or places of the charged criminal activity.
 

 The indictment and bill of particulars also failed to satisfy their two other functions. They were so vague as to allow the prosecution to put on its witnesses and then decide which witness testified to which count. At one point during the trial, the prosecutor declared that a complaining witness that he originally thought had testified to grand larceny in the second degree had really only testified to grand larceny in the third degree. The prosecutor did not shift his theory until after a more credible complaining witness gave testimony that could support a grand larceny in the second degree charge. The information in the indictment and bill of particulars is insufficient to allow us to determine if the defendant was in fact tried for the crimes charged, or for others seized upon by the prosecutor at trial.
 

 Moreover, the indictment and bill of particulars in this case
 
 *447
 
 would not be useful to the defendant if he were charged in a subsequent proceeding on similar crimes arising during the same five-year time span. They are so nonspecific as to put the defendant at risk of being tried twice for the same crimes.
 

 The People urge that they adequately supplemented the deficient indictment and bill of particulars by allowing the defendant to read and take notes from a redacted copy of the Grand Jury minutes before trial. They contend that with "minimal effort” the defendant could have deciphered what conduct served as the basis for each accusation. This argument is unavailing. First, it is the People’s burden to provide the defendant with notice of the charges in a clear and concise manner
 
 (see, People v Villani,
 
 59 NY2d 781, 783;
 
 People v Iannone,
 
 45 NY2d 589, 599,
 
 supra);
 
 it is not the burden of the defendant to piece together clues disclosed in separate unconnected documents to infer what alleged conduct supported which alleged charge. Also, the double jeopardy protection of the accusatory pleadings
 
 (People v Morris, supra,
 
 at 293;
 
 see also, People v Iannone, supra,
 
 at 594) would be substantially reduced if the People could cure deficiencies by a defendant’s inspection of redacted Grand Jury minutes. Moreover, rather than supporting the People’s position, the claim that the necessary information to flesh out the indictment was made available to the defense through the Grand Jury minutes actually supports dismissal of the grand larceny counts.
 
 People v Morris
 
 makes clear that the test for adequacy of notice in the accusatory papers "embraces good faith” (61 NY2d, at 296,
 
 supra),
 
 thereby requiring the prosecution to give necessary specifics to the best of its knowledge.
 

 IV.
 

 We now turn to the convictions for fortune telling (five counts), criminal impersonation (four counts), and scheme to defraud. The People consent to reversal and dismissal of the charges with respect to the convictions for criminal impersonation and fortune telling that are factually related to the grand larceny convictions reversed by the Appellate Division.
 

 Defendant challenges the remaining counts of fortune telling and criminal impersonation on the ground that the time spans set out in the indictment, identical five-year periods, were unnecessarily broad. An indictment will not be dismissed as defective because of a broad time allegation if it, or the bill of particulars, provides a reasonable approximation under the
 
 *448
 
 circumstances of the individual case of the date the crime occurred
 
 (People v Morris, supra,
 
 at 292. Thus where an indictment charges a single act offense, a reasonable time period will generally be shorter than that which would be acceptable to charge a continuing offense, which by its nature may be committed over a broad period of time
 
 (see, e.g., People v Keindl,
 
 68 NY2d 410, 422,
 
 supra).
 
 In addition, "the span of time set forth and the knowledge the People have or should have of the exact date or dates of the crime”
 
 (People v Morris,
 
 61 NY2d, at 295,
 
 supra);
 
 "the age and intelligence of the victim and other witnesses; * * * the surrounding circumstances; and * * * the nature of the offense”
 
 (id.,
 
 at 296) can also be considered when making a determination whether a specified time period was reasonable.
 

 We reject the People’s characterization of fortune telling as a continuing offense. The crime does not "readily permit[ ] characterization as a continuing offense over a period of time”
 
 (People v Keindl, supra,
 
 at 421), and there is no apparent legislative intent to create a continuing offense
 
 (see, People v Okafore,
 
 72 NY2d 81). The crime of fortune telling is completed each time a person uses "claimed * * * occult powers” for a fee "to answer questions or give advice on personal matters or to exorcise, influence or affect evil spirits or curses” (Penal Law § 165.35). Considering all the relevant circumstances we find the five-year time periods unreasonably broad. The convictions for fortune telling must therefore be reversed.
 

 As to the convictions for criminal impersonation, the People concede that the defendant committed the criminal impersonation over a five-year time period with respect to only one count of the indictment (count 10). Thus, the People failed in their duty to be as precise as their information allows in stating the date of the offense as to the other counts of criminal impersonation
 
 (People v Morris, supra,
 
 at 296). Those counts must be dismissed. Because we are persuaded that criminal impersonation can constitute a continuing offense, the remaining conviction for that crime stands. One can impersonate another with the intent to defraud (Penal Law § 190.25) with a single act or a series of acts constituting a pattern of behavior. In the instant case, the People maintain that the defendant impersonated an FBI agent for the entire five-year period during which he knew the complainant. The notice as to that charge was reasonable under the circumstances.
 

 
 *449
 
 Finally, we reject defendant’s argument that dismissal of the convictions for grand larceny requires reversal of the conviction for scheme to defraud because the scheme to defraud count is factually related to grand larceny counts. "[B]ecause the evidence adduced as to those counts that we dismiss would have been admissible as to the [count charging scheme to defraud], it cannot be said that defendant was deprived of a fair trial on the [count] that we sustain, and therefore the conviction[ ] with respect thereto should not be disturbed”
 
 (People v Keindl, supra,
 
 at 422).
 

 Accordingly, the order of the Appellate Division should be modified in accordance with this opinion and the case remitted to Supreme Court, Queens County, for resentencing on the convictions for scheme to defraud and criminal impersonation
 
 (see,
 
 CPL 470.20 [3]) and, as so modified, affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
 

 Order modified and case remitted to Supreme Court, Queens County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.