■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE M. GEER, Appellant. [623 NYS2d 366] —Yesawich Jr., J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered February 14, 1994, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (two counts) and rape in the first degree.

Defendant was convicted of sexually abusing two young girls and of raping the oldest, who was 12 years of age at the time. He maintains that the rape conviction must be reversed because there was no evidence that penetration was actually accomplished (see, Penal Law § 130.00 [1]; People v Dunn, 204 AD2d 919, 919-920, lv denied 84 NY2d 907). We disagree, for the testimony of the younger girl, who was an eyewitness to defendant's abusive attack on her sister, if credited, establishes that intercourse did, in fact, occur. Moreover, viewing this evidence in the light most favorable to the People, as we must at this juncture (see, People v Contes, 60 NY2d 620, 621), we cannot agree with defendant's contentions that the younger child could not possibly have observed what she claimed to have seen, or that her testimony was unreliable and speculative. Nor is the verdict against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495).

Also without merit are defendant's claims that County Court erred in refusing to give a "missing witness charge" with regard to the testimony of the victims' brother, who allegedly witnessed defendant's abuse of the older girl, and that defense counsel was ineffective for failing to request such charges with respect to other witnesses. As the People note in their brief, the brother, who had been indicted for sex-related crimes against the same two victims, was not under the "control" of the People, despite being related to the complainants; that is, his status was such that he could not have been expected to testify favorably for the prosecution (see, People v Gonzalez, 68 NY2d 424, 429; cf., People v Macana, 84 NY2d 173, 177), as it would have been in his best interest to discredit the victims. Nor is there any evidence tending to indicate that the victims' parents would have had anything material and noncumulative to add to the People's case. As for the other witnesses that defendant now suggests might have been the subject of a missing witness charge, they are strangers, equally available to both parties and not within the control of the People (see, People v Gonzalez, supra, at 429). A

missing witness charge not being warranted with regard to any of these individuals, defense counsel's failure to request the same cannot be said to have deprived defendant of meaningful representation.

The remainder of the alleged deficiencies defendant ascribes to his trial counsel's performance are either based upon matters outside the record and more properly raised in the context of a motion pursuant to CPL 440.10, or constitute only losing strategies which would have appeared plausible when they were adopted. Viewed in its totality, we find that the legal representation afforded defendant assured him of a fair trial *(see, People v Flores,* 84 NY2d 184, 187; *People v Baldi,* 54 NY2d 137, 147).

Considering this 34-year-old defendant's prior criminal history—he was serving a sentence of probation for a sexual offense conviction when the instant crimes were committed, and pleaded guilty to another, unrelated sexual abuse charge prior to being sentenced in this case—County Court did not abuse its discretion in sentencing him to an extended period of incarceration.

Mikoll, J. P., Crew III, White and Spain, JJ., concur. Ordered that the judgment is affirmed.