■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR MARTINEZ, Appellant. [638 NYS2d 46] —Judgment, Supreme Court, Bronx County (Vincent Vitale, J.), rendered December 21, 1993, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, assault in the second degree, and reckless endangerment in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 4 to 8 years on the second degree weapon possession and second degree assault convictions, and $2^{1}/_{2}$ to 5 years on the third degree weapon possession and first degree reckless endangerment convictions, unanimously affirmed.

Defendant did not object to the manner in which the trial court investigated suggestions that a juror had been sleeping during the charge, and thus did not preserve his current claim that the court's inquiry was insufficient (People v Albert, 85 NY2d 851). In any event, the trial court conducted appropriate inquiry of the juror to ascertain whether he had been asleep as suggested, and accepted the juror's repeated assurances that he had heard the entire charge. The court noted that its own observations confirmed the juror's assurances. As defense counsel declined the opportunity for further inquiry, there is no basis to conclude that the juror in question should have

been discharged as grossly unqualified (*People v Jones*, 213 AD2d 250, *lv denied* 86 NY2d 796).

Contrary to defendant's argument raised for the first time on appeal, his physical presence was not required during the questioning of the juror, in the presence of counsel, to determine whether or not the juror had been asleep. This questioning did not constitute a material stage of the trial as it had nothing to do with the issue of guilt or innocence and thus, had no substantial effect upon the opportunity to defend (*see, People v Pujols*, 194 AD2d 505, *lv denied* 82 NY2d 724).

Contrary to defendant's further claim raised for the first time on appeal, the trial court's question to the juror, whether he could decide the case on the facts and not permit the robing room questioning regarding the suggestion of sleep to interfere with his ability to be fair and impartial, did not transform the inquiry into a material stage of the trial, as the court properly asked the question to assure that the juror did not harbor any opinion regarding the procedure that would require him to be dismissed as grossly unqualified (*see, People v Buford*, 69 NY2d 290, 299). Defendant's additional claim, also raised for the first time on appeal, that defendant might have contributed his own observations of the juror in question, has no basis in the record and dismissal of a sworn juror may not be predicated on a speculative basis (*see, People v Hilton*, 147 AD2d 427, 428). Concur—Milonas, J. P., Wallach, Ross and Mazzarelli, JJ.