■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL HEGGS, Appellant. [750 NYS2d 890] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), rendered July 23, 2001, convicting him of gang assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the Supreme Court should have charged assault in the third degree as a lesser-included offense of gang assault in the second degree (*see People v Smitherman,* 297 AD2d 352; *People v Ramos,* 242 AD2d 510; *People v Sater,* 201 AD2d 323; *see also People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the defendant (*see People v Shuman,* 37 NY2d 302), no reasonable view of the evidence could support a jury finding that the defendant committed the lesser offense but not the greater (*see People v House,* 278 AD2d 244; *see also People v Sutter,* 162 AD2d 644).

The Supreme Court providently exercised its discretion in denying the defendant youthful offender treatment (*see People v Jones,* 288 AD2d 397; *People v Noboa,* 280 AD2d 558; *People v Vera,* 206 AD2d 494), and the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80). Feuerstein, J.P., Smith, O'Brien and Goldstein, JJ., concur.