■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL E. WRIGHT, Appellant. [790 NYS2d 800]—

Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered March 2, 2004. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and gang assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of assault in the first degree (Penal Law § 120.10 [1]) and gang assault in the second degree (§ 120.06), defendant contends that County Court erred in failing to discharge a juror based on the possibility that the juror had been sleeping during portions of the trial. That contention is not preserved for our review inasmuch as defendant failed to object to the court's inquiry of the juror (*see People v Martinez*, 224 AD2d 326 [1996], *lv denied* 88 NY2d 989 [1996]; *People v Jones*, 173 AD2d 359 [1991], *lv denied* 78 NY2d 1077 [1991]) and, additionally, failed to move to discharge that juror (*see People v*

*Fenderson*, 203 AD2d 585, 586 [1994], *lv denied* 84 NY2d 825 [1994]). In any event, the court conducted an appropriate inquiry of the juror to ascertain whether he had been asleep and accepted the assurances of the juror that he had heard the entire case. The court also noted that its own observations confirmed the juror's assurances. Thus, "there is no basis to conclude that the juror in question should have been discharged as grossly unqualified" (*Martinez*, 224 AD2d at 326-327; *see People v Moore*, 242 AD2d 882 [1997], *lv denied* 91 NY2d 835 [1997]). Contrary to defendant's further contentions, the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Smith, Pine, Lawton and Hayes, JJ.