■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN R. KOSSMAN, Appellant. [848 NYS2d 401]—

Spain, J. Appeal from a judgment of the County Court of Chemung County (Becker, J.), rendered October 3, 2005, upon a verdict convicting defendant of the crimes of rape in the third degree and endangering the welfare of a child.

Following a jury trial, defendant was convicted of statutory rape. Testimony revealed that the 16-year-old victim was babysitting the children of Mary Lobdell at Lobdell's home overnight while Lobdell and defendant were out partying, which included the consumption of alcohol and drugs. When Lobdell and defendant returned to Lobdell's home sometime after 8:00 A.M. on the morning of December 18, 2004, Lobdell gave defendant permission to go to sleep in her bedroom and went into the kitchen to make coffee. The victim was upstairs in the bathroom when defendant opened the door, took her by the arm and led her into Lobdell's bedroom where he proceeded to undress her and have sexual intercourse with her. Lobdell testified that she came upstairs and—viewing the couple in her bed through the open door—interrupted them, but then went back downstairs. Defendant then dressed and prepared to leave; when he asked the victim how old she was, she replied that she was 16, and he said, "I must be a pervert." The victim did not report the incident to her mother. Approximately 10 days later, Lobdell saw both defendant and the victim's brother in a bar and loudly identified defendant as "the guy who screwed my baby-sitter." When confronted by her family, the victim told them what happened, and a medical examination was performed which revealed bruising consistent with the described sexual encounter.

Defendant was sentenced to a prison term of 2 to 4 years for the rape conviction, to run concurrently with a one-year sentence for his conviction of endangering the welfare of a child arising out of the same incident. Defendant appeals, and we now affirm.

Defendant's first contention on appeal—that the indictment was defective because the victim's name was not stated—is without merit. A victim's name need not be included in the indictment so long as sufficient information is included to enable the defendant to formulate a defense and to protect against future double jeopardy violations (*see People v Sanchez*, 84 NY2d 440, 445-446 [1994]; *People v White*, 41 AD3d 1036, 1037 [2007], *lv denied* 9 NY3d 965 [2007]). Here, the indictment sufficiently identified the lone victim by including her birth date and the date and locale of the incident, and the bill of particulars provided the exact time and the street address of Lobdell's home (*see People v Stanley*, 23 AD3d 683, 684 [2005], *lv denied* 6 NY3d 818 [2006]; *see also People v Sanchez*, 84 NY2d at 446).

Defendant failed to preserve for appellate review his challenge to the sufficiency of the proof with respect to the endangering the welfare of a child charge by an objection at trial. In any event, we conclude that the proof adduced at trial was sufficient to support his conviction. "A person is guilty of endangering the welfare of a child when . . . [h]e knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old" (Penal Law § 260.10 [1]). Defendant's assertion that the People were required to demonstrate that he knew the victim was under 17 is incorrect; "[n]otwithstanding the use of the term 'knowingly' in any provision . . . defining an offense in which the age of a child is an element thereof, knowledge by the defendant of the age of such child is not an element of any such offense" (Penal Law § 15.20 [3]). Further, the victim gave unchallenged testimony of her age and birth date, providing legally sufficient evidence to establish that she was less than 17 years old at the time of the crime (see People v Chaffee, 30 AD3d 763, 764 [2006], lv denied 7 NY3d 846 [2006]; People v Alford, 287 AD2d 884, 885-886 [2001], lv denied 97 NY2d 750 [2002]). We also reject defendant's unsupported assertion that documentary proof of her age was necessary.

Next, defendant asserts that County Court erred in not replacing a juror sua sponte based upon implied bias. After the trial was underway, the jury foreperson—an attorney—notified the court that he recognized Lobdell as a former client. The court then offered to conduct an in camera conference with defendant to give counsel an opportunity to question the juror on the matter and to challenge the juror for cause (see CPL 270.20 [1] [c]). The court stated that the juror should be questioned but, noting that it was defendant's trial, left the matter up to defendant, specifically informing defense counsel, "If you want to pursue this, I will pursue it. If you don't want to pursue it, I will deem it waived on this record, anything having to do with this." Defense counsel responded that the matter should not be pursued. Indeed, defendant expressly waived any objection to the juror's continued service and we reject defendant's contention that, despite this express waiver, the court had an obligation to dismiss the juror on its own motion (see People v Busreth, 35 AD3d 965, 967 [2006], lv denied 8 NY3d 920 [2007]; People v Martinez, 224 AD2d 326, 326-327 [1996], lv denied 88 NY2d 989 [1996]).

Nor are we persuaded that reversal is warranted because the victim's medical report was improperly admitted into evidence. After defendant initially objected to the admission of the docu-

ment, the matter was discussed on the record at length and, after confirming that the document had been rendered acceptable to defendant, County Court admitted a redacted version of the report without objection. In any event, we find that the medical record was properly received in evidence under the business records exception to the hearsay rule in that it was germane to the medical treatment or diagnosis of the victim and a proper foundation was laid, including a statement from a hospital administrator certifying the authenticity and business purpose of the report (*see* CPLR 4518 [a]; *People v Bailey*, 252 AD2d 815, 815-816 [1998], *lv denied* 92 NY2d 922 [1998]; *see also People v Cratsley*, 86 NY2d 81, 89 [1995]).

We further find that defendant's claims of prosecutorial misconduct were not preserved for review by timely objections at trial and, in any event, when the prosecutor did improperly go outside the record during summation to define a medical term for the jury, County Court promptly reprimanded the People and issued thorough curative instructions. In sum, we discern no evidence on this record that defendant was deprived of a fair trial (*see People v Grady*, 40 AD3d 1368, 1374-1375 [2007], *lv denied* 9 NY3d 923 [2007]; *People v Edwards*, 38 AD3d 1133, 1134 [2007], *lv denied* 9 NY3d 864 [2007]; *People v Stasiak*, 25 AD3d 1025, 1026 [2006]).

Defendant failed to preserve his objections to County Court's charge and alleged improprieties by the People during voir dire and, in any event, we are not persuaded that any error occurred. Finally, of the remaining contentions raised by defendant on appeal, most were not preserved for our review and, in any event, they are wholly lacking in merit.

Crew III, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.