(December 9, 2010)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OCTAVIOUS JONES, Appellant. [912 NYS2d 746]—

Garry, J. Appeal from a judgment of the County Court of Ulster County (Czajka, J.), rendered November 17, 2006, upon a verdict convicting defendant of the crimes of burglary in the second degree, aggravated criminal contempt and criminal contempt in the first degree (two counts).

In January 2006, defendant entered a second-floor apartment in the City of Kingston, Ulster County, where the victim lived with her mother and several other people. At that time, defendant was prohibited from having contact with the victim by a three-year order of protection previously entered by Kingston City Court upon his conviction of criminal contempt in the

second degree. After a brief verbal altercation with the victim, defendant left. The victim's roommate sought to lock the door but, before she could do so, defendant reentered and struck the victim in the face. The victim called for her mother and told her that defendant had entered the apartment through the window and had hit her. The mother saw defendant descend the stairs, exit the building, and run toward a house where police found him soon thereafter.

Defendant was charged with burglary in the second degree (two counts), criminal contempt in the first degree (two counts), and aggravated criminal contempt. Following a jury trial, he was acquitted of one of the burglary counts and convicted of the four other charges. County Court sentenced defendant as a second felony offender to an aggregate prison term of 15 years plus five years of postrelease supervision. Defendant appeals.

Initially, defendant contends that his burglary and aggravated criminal contempt convictions were not based on legally sufficient evidence and were against the weight of the evidence. As to aggravated criminal contempt, defendant asserts that the People did not demonstrate that he caused physical injury to the victim (*see* Penal Law § 215.52 [1]).* As pertinent here, physical injury consists of "substantial pain" (Penal Law § 10.00 [9]), meaning pain that is "more than slight or trivial . . . [but] need not . . . be severe or intense" (*People v Chiddick*, 8 NY3d 445, 447 [2007]; *see People v Rivera*, 42 AD3d 587, 588 [2007], *lv denied* 9 NY3d 880 [2007]). "A variety of factors are relevant in determining whether physical injury has been established, including the injury viewed objectively, the victim's subjective description of the injury and [his or] her pain, and whether the victim sought medical treatment" (*People v Dixon*, 62 AD3d 1036, 1039 [2009], *lv denied* 12 NY3d 912 [2009] [internal quotation marks and citations omitted]; *accord People v Stearns*, 72 AD3d 1214, 1217 [2010], *lv denied* 15 NY3d 778 [2010]). The victim did not testify, but the roommate testified that she saw defendant strike the victim in the mouth, the mother and the roommate testified that the victim bled significantly, and the roommate described "rush[ing] her to the hospital." The treat-

---

* To the extent that this argument may be construed as a claim that the guilty verdict on the aggravated criminal contempt charge was inconsistent with defendant's acquittal on the charge of burglary in the second degree pursuant to Penal Law § 140.25 (1) (b), the contention was unpreserved (*see People v Satloff*, 56 NY2d 745, 746 [1982]; *People v Dann*, 14 AD3d 795, 797-798 [2005], *lv denied* 4 NY3d 885 [2005]), and we decline to exercise our interest of justice jurisdiction (*see People v Johnson*, 40 AD3d 1270, 1272-1273 [2007], *lv denied* 9 NY3d 877 [2007]; *People v Rust*, 233 AD2d 778, 779 [1996], *lv denied* 89 NY2d 988 [1997]).

ing physician testified that the victim's mouth suffered several lacerations, one of which required five sutures, and that he prescribed two different medications to control her pain. Viewed in the light most favorable to the People, this evidence was legally sufficient to support the conclusion that the victim suffered a physical injury (*see People v Foster*, 52 AD3d 957, 959-960 [2008], *lv denied* 11 NY3d 788 [2008]; *People v Porter*, 305 AD2d 933, 933-934 [2003], *lv denied* 100 NY2d 586 [2003]). Further, considering the evidence in a neutral light and according deference to the jury's opportunity to view the witnesses (*see People v Romero*, 7 NY3d 633, 644 [2006]), the conviction was not against the weight of the evidence (*see People v Perser*, 67 AD3d 1048, 1049-1050 [2009], *lv denied* 13 NY3d 941 [2010]; *People v Foster*, 52 AD3d at 960).

Defendant's challenge to the legal sufficiency of the evidence supporting the burglary conviction was not fully preserved, as the contentions he now raises were, in part, presented for the first time in his presentencing motion after trial (*see People v Hines*, 97 NY2d 56, 61 [2001]; *People v Gonzalez*, 64 AD3d 1038, 1039 [2009], *lv denied* 13 NY3d 796 [2009]). " 'However, we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence' " (*People v Gonzalez*, 64 AD3d at 1040, quoting *People v Caston*, 60 AD3d 1147, 1148-1149 [2009]). Defendant's contention that the People failed to demonstrate that he entered the apartment unlawfully (*see* Penal Law § 140.25) is without merit, as the order of protection explicitly required him to stay away from the victim's home (*see* Penal Law §§ 215.50, 215.51). Further, his violation of the protective order did not, as he contends, serve both as the basis for the illegality of his entry and as the crime that he intended to commit when he entered the apartment (*see* Penal Law § 140.25). Neither the indictment nor the jury charge required the People to limit their case to proving that defendant intended to commit a particular crime (*see People v Lewis*, 5 NY3d 546, 552 n 7 [2005]), and the jury was not precluded from considering defendant's intent to commit a further violation of the order of protection once he had entered the apartment "in a manner that went beyond trespass" (*id.* at 552; *see People v Dombrowski*, 55 AD3d 1358, 1359 [2008], *lv denied* 11 NY3d 924 [2009]). Insofar as defendant's challenges were preserved, the evidence—including, among other things, the roommate's testimony that defendant struck the victim after calling her a "liar"—was legally sufficient to support the conviction (*see People v Lewis*, 5 NY3d at 552-553). In addition, the conviction was not against the weight of the evidence (*see People v Dombrowski*, 55 AD3d

at 1359; *compare People v VanDeWalle*, 46 AD3d 1351, 1352 [2007], *lv denied* 10 NY3d 845 [2008]).

Defendant was not, as he contends, deprived of a fair trial by County Court's evidentiary rulings. The court correctly permitted the mother to testify about the victim's statements immediately after the incident, as these statements were classic examples of the excited utterance exception to the hearsay rule (*see People v Fratello*, 92 NY2d 565, 570 [1998], *cert denied* 526 US 1068 [1999]). Moreover, the statements were not, as defendant claims, precluded as testimonial (*see generally Crawford v Washington*, 541 US 36 [2004]; *see People v Nieves-Andino*, 9 NY3d 12, 14-15 [2007]), since they were not made to police or their agents, but to the victim's mother in the immediate aftermath of a violent confrontation (*see People v Bradley*, 8 NY3d 124, 126-127 [2006]). The court did not deprive defendant of the right to present a defense by cautioning his counsel that asking the victim's roommate about prior occasions when defendant had been allowed to enter the apartment might open the door to inquiry into previous bad acts. Whether or not defendant was welcome in the apartment, his presence there was prohibited by the restraining order. Since the line of inquiry would not have given rise to a defense, the court did not err in warning against it, and defendant's counsel was not ineffective for terminating it (*compare People v Fleegle*, 295 AD2d 760, 762-763 [2002]; *People v Hollins*, 221 AD2d 863, 864 [1995]).

County Court properly interrupted defense counsel's summation to instruct the jury that it was not to consider defendant's potential punishment in its deliberations, after defense counsel asked the jury whether the evidence justified sending defendant to prison. A curative instruction was proper, as the issue of punishment was an external factor not grounded in the evidence adduced at trial and, in any event, the brief interruption was too minor to deprive defendant of a fair trial (*see People v Facey*, 22 AD3d 765, 766 [2005]; *see also People v Burdash*, 92 AD2d 627, 627 [1983]). Defendant failed to preserve his claim that a missing witness charge should have been issued as to the victim by requesting the charge at trial (*see People v Williams*, 132 AD2d 892, 894 [1987]; *see also People v Burdick*, 266 AD2d 711, 713 [1999]). In any event, defendant was not entitled to the charge. Given the victim's unwillingness to cooperate with the prosecution and defendant's apparent expectation that she would testify in his favor, she was not in the People's control (*see People v Turner*, 73 AD3d 1282, 1284 [2010]). Accordingly, defense counsel's failure to request the charge did not deprive defendant of meaningful representation (*see People v Geer*, 213 AD2d 764, 764-765 [1995], *lv denied* 86 NY2d 781 [1995]).

We disagree with defendant's assertion that the indictment did not provide a "plain and concise factual statement" (CPL 200.50 [7]) to support each element of the charged crimes. The victim's name was not required, and defendant was provided with sufficient information to identify her and prepare a defense through the bill of particulars, which provided the address where the charged crimes occurred and a copy of the order of protection (see CPL 200.50; People v Kossman, 46 AD3d 1104, 1105 [2007]; compare People v Sanchez, 84 NY2d 440, 446 [1994]). As to the claim that County Court should have advised prospective jurors during jury selection that they could speak privately to the court and the attorneys if they wished to do so, defendant does not explain why the failure to do so was error or how it deprived him of a fair trial, and we perceive no basis for either contention.

Defendant's sentence as a second felony offender to the maximum term of 15 years for burglary in the second degree was not harsh and excessive, given his complete lack of remorse and his history of previous crimes, including other offenses involving the same victim (see People v Vanbergen, 68 AD3d 1249, 1251 [2009], lv denied 14 NY3d 806 [2010]; People v Carter, 50 AD3d 1318, 1323 [2008], lv denied 10 NY3d 957 [2008]). Finally, County Court's order of protection prohibiting defendant from contacting the victim was not overbroad; nothing in the record other than defense counsel's assertions supports the contention that the victim—who was injured by a crime of violence—did not want an order of protection. Defendant's remaining contentions have been considered and found to be without merit.

Rose, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

