■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS HERRING, Appellant. [915 NYS2d 152]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Bartlett, J.), rendered June 13, 2007, convicting him of murder in the second degree, assault in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court providently exercised its discretion in declining to impose a sanction against the People for the loss of *Rosario* material (*see People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]). The defendant claims that a sanction should have been imposed for the loss of notes made by a Florida law enforcement officer as to, among other things, that officer's efforts to locate the defendant. However, the defendant did not establish that there was a reasonable possibility that the loss of any such notes materially contributed to his conviction or caused him any prejudice (*see* CPL 240.75; *People v Brown*, 71 AD3d 1043, 1044 [2010]; *People v Norris*, 34 AD3d 501, 502-503 [2006]; *People v Sorbello*, 285 AD2d 88, 96 [2001]).

Under the circumstances of this case, the County Court did not improvidently exercise its discretion in denying the defendant's motion to discharge a certain juror or for a mistrial based on the alleged inattentiveness of that juror, after making an inquiry of that juror (*see People v Busreth*, 35 AD3d 965, 967 [2006]; *People v Martin*, 28 AD3d 583, 584 [2006]; *People v Wright*, 16 AD3d 1113 [2005]; *People v Martinez*, 224 AD2d 326 [1996]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove the defense of justification and to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt (*see People v Ward*, 65 AD3d 1172 [2009]; *People v Pickens*, 60 AD3d 699, 701-702 [2009]; *People v Wahedi*, 301 AD2d 541 [2003]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the murder in the second degree count of the indictment was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant failed to preserve for appellate review his contention that the trial court should have dismissed the count charging criminal possession of a weapon in the third degree as a lesser-included offence of criminal possession of a weapon in the second degree (*see* CPL 470.05 [2]; *People v Heggs*, 300 AD2d 507 [2002]). In any event, criminal possession of a weapon in the third degree based on the possession of a loaded firearm

outside of the defendant's home or business, as charged here, is not a lesser-included offense of criminal possession of a weapon in the second degree based on possession of a weapon with the intent to use it unlawfully against another, as charged here (*see People v Leon*, 7 NY3d 109, 112 [2006]). Accordingly, there is no merit to the defendant's contention on this issue.

With respect to the sentence imposed for the conviction of criminal possession of a weapon in the third degree, the County Court properly sentenced the defendant as a second felony offender based on his prior conviction of a class D violent felony offense, pursuant to the penal statutes in effect at the time of the prior conviction and the indictment, Penal Law former § 265.02 (4), (repealed eff Nov. 1, 2006, at L 2006, ch 742, § 1) and Penal Law § 70.02 (1) (c) (amended eff Apr. 13, 2007, at L 2007, ch 7) (*see* General Construction Law §§ 93, 94; *People v Behlog*, 74 NY2d 237, 240-241 [1989]).

The County Court did not err in directing that the sentence imposed on the conviction of criminal possession of a weapon in the third degree run consecutively to the sentence imposed on the conviction of murder in the second degree. There was evidence at trial showing, among other things, that the defendant brandished a gun at another person prior to firing the weapon at the decedent and the second shooting victim. In light of that evidence, the imposition of consecutive sentences for these counts was proper (*see People v Salcedo*, 92 NY2d 1019, 1021 [1998]; *People v Black*, 66 AD3d 512, 513 [2009]; *People v DeLeon*, 46 AD3d 569 [2007]; *People v Sell*, 283 AD2d 920, 922 [2001]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Eng, Belen and Lott, JJ., concur.