People v Rice (2019 NY Slip Op 03843)





People v Rice


2019 NY Slip Op 03843


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

109109

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JESSICA RICE, Appellant.

Calendar Date: March 21, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Rumsey, JJ.


Noreen McCarthy, Keene Valley, for appellant.
Rachel Dunn, Special Prosector, Justice Center for the Protection of People with Special Needs, Delmar (Jacqueline Kagan of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the County Court of Franklin County (Richards, J.), rendered December 5, 2016, upon a verdict convicting defendant of the crimes of offering a false instrument for filing in the first degree and offering a false instrument for filing in the second degree.
In 2013, the victim, who has a diagnosis of moderate mental retardation, was a resident of a state-run facility for individuals with developmental disabilities. Defendant and her live-in boyfriend were employed at the facility. On October 5, 2013, after the victim began acting out, defendant's boyfriend followed him. They engaged in a physical altercation, which ended when defendant's boyfriend knocked the victim to the ground, causing the victim to strike his head and have a seizure. An investigation into the incident ensued, during which defendant was required to fill out certain forms. On October 5, she filled out a form IPP-65, which is a progress note for the victim's file. On October 12, 2013, she completed a preliminary witness statement as part of the investigation. In each document, she recited that after the victim punched her boyfriend, staff members initiated a two-person takedown and placed the victim into a two-to-three-person supine hold. Defendant also wrote that when the victim began to seize, he was immediately released from the hold and rolled onto his side.
Investigators from the Justice Center for the Protection of People with Special Needs found that the narrative articulated by defendant in the forms was inconsistent with information gleaned from interviews of other witnesses. In April 2015, defendant and four other staff members were charged by a 26-count indictment with various crimes related to the October 2013 incident and its cover-up; 12 of those counts applied to defendant. Following a trial, defendant was convicted of offering a false instrument for filing in the first degree (see Penal Law § 175.35), related to her statements in the preliminary witness statement, and offering a false instrument for filing in the second degree (see Penal Law § 175.30), related to her statements in the IPP-65. County Court sentenced her to five years of probation for her conviction of offering [*2]a false instrument for filing in the first degree and a concurrent three-year term of probation for the other conviction, with both including an initial jail term of 60 days. Defendant appeals.
The indictment was not defective [FN1]. Among other things, an indictment must contain "[a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, . . . asserts facts supporting every element of the offense charged and the defendant's . . . commission thereof with sufficient precision to clearly apprise the defendant . . . of the conduct which is the subject of the accusation" (CPL 200.50 [7] [a]; see People v Sanchez, 84 NY2d 440, 445 [1994]). An indictment must be specific enough to (1) give the defendant notice of the accusations against him or her, so that the defendant may prepare a defense, (2) ensure "that the crime for which the defendant is brought to trial is in fact one for which he [or she] was indicted . . ., rather than some alternative seized upon by the prosecution in light of subsequently discovered evidence," and (3) protect the defendant against double jeopardy (People v Iannone, 45 NY2d 589, 594-595 [1978]; see People v Sanchez, 84 NY2d at 445). Generally, an indictment is sufficient if it incorporates the specific statutory provision that the defendant is accused of violating (see People v Ray, 71 NY2d 849, 850 [1988]; People v Park, 163 AD3d 1060, 1064 [2018]; People v Perez, 93 AD3d 1032, 1034 [2012], lvs denied 19 NY3d 1000 [2012]), and the factual details of an indictment may be amplified by a subsequently-filed bill of particulars (see People v Sanchez, 84 NY2d at 445; People v Iannone, 45 NY2d at 597; People v Perez, 93 AD3d at 1034).
For each count at issue here, the indictment specified the relevant statutory provision charged and recited the elements of the crime. Each count also identified the date that defendant allegedly submitted the written instrument containing false statements, the public office to which defendant was alleged to have submitted the document and a statement that the subject matter underlying each individual count was different from the other, similarly-charged offenses. The People's bill of particulars alleged that defendant acted to "facilitate the fabrication and/or falsification and/or mischaracterization of facts surrounding the incident to be included in [defendant's] IPP-65 and Preliminary Witness Statement." Considering the supplemental information in the bill of particulars, the indictment was sufficient because it referenced the specific statutory provisions being charged, the date of filing and exact forms that contained the allegedly false information, and the entity to which they were offered. Thus, defendant was provided with sufficient factual information to give notice of the charges against her for purposes of mounting her defense, to ensure that she was tried for the same crimes as the ones for which she was indicted and to protect her from double jeopardy (see People v Tambadou, 56 AD3d 953, 954 [2008], lv denied 12 NY3d 762 [2009]; People v Stanley, 23 AD3d 683, 684-685 [2005], lv denied 6 NY3d 818 [2006]; People v Yakubova, 11 AD3d 644, 645 [2004], lv denied 4 NY3d 769 [2005]).
County Court correctly denied defendant's motion to dismiss the indictment on the ground of an alleged violation of her statutory right to a speedy trial. CPL 30.30 (1) (a) requires the People to be ready for trial within six months of the filing of an indictment charging at least one felony (see People v Brown, 28 NY3d 392, 403 [2016]). However, a statement of readiness filed "at a time when the People are not actually ready is illusory and insufficient to stop the running of the speedy trial clock" (People v England, 84 NY2d 1, 4 [1994]; accord People v Brown, 28 NY3d at 404). Statements of readiness are presumed accurate and truthful, with the defendant bearing the burden of demonstrating that the People were not actually ready at the time that they filed their statement (see People v Brown, 28 NY3d at 399-400).
The People filed a statement of readiness and announced readiness at arraignment on April 9, 2015, one day after the indictment was filed. In March 2016, one week before a joint trial was scheduled to begin against all five defendants, defendant moved to sever the indictment. County Court granted the motion, ordering that each defendant be tried separately. The People [*3]then indicated that they were not ready to proceed against defendant and all but one of her codefendants, based on the significant procedural changes resulting from the severance, a related alteration in the People's strategy with respect to each defendant and the difficulty in scheduling certain witnesses to appear. The People filed a second statement of readiness in May 2016. Although the People had declared a lack of readiness after the court-ordered severance, the People provided a reason for their change in readiness status and the record bears no indication that they were not prepared to proceed when they first announced readiness. Therefore, County Court correctly denied defendant's speedy trial motion because the initial statement of readiness was not illusory (see People v Miller, 113 AD3d 885, 887 [2014]; People v Jacobs, 45 AD3d 883, 884 [2007], lv denied 9 NY3d 1035 [2008]).
Several of defendant's arguments are unpreserved for our review due to her failure to properly raise them before County Court. Defendant's pretrial motion to dismiss the indictment did not contend that certain counts were multiplicitous (see People v Valcarcel, 160 AD3d 1034, 1037 [2018], lvs denied 31 NY3d 1081, 1088 [2018]). In the trial court, defendant never challenged Penal Law § 175.35 as unconstitutionally vague (see People v Iannelli, 69 NY2d 684, 685 [1986], cert denied 482 US 914 [1987]; People v Lancaster, 143 AD3d 1046, 1052 [2016], lv denied 28 NY3d 1147 [2017]). Although defendant moved for a trial order of dismissal at the close of the People's proof, she failed to preserve her attack on the legal sufficiency of the evidence because she did not renew that motion after offering her own proof (see People v Kolupa, 13 NY3d 786, 787 [2009]; People v Anthony, 152 AD3d 1048, 1053 [2017], lvs denied 30 NY3d 978, 981 [2017]). By failing to object to the jury charge, defendant has not preserved her contention that certain jury instructions were inaccurate or confusing (see People v Green, 119 AD3d 23, 30 [2014], lv denied 23 NY3d 1062 [2014]). Defendant's claim that the verdict is repugnant is unpreserved because she did not object to the verdict before the jury was discharged, when the court could have resolved any problem (see People v Poulin, 159 AD3d 1049, 1052-1053 [2018], lv denied 32 NY3d 940 [2018]; People v Keener, 152 AD3d 1073, 1074 [2017]). County Court did not err in failing to poll the jury after it rendered its verdict because defendant did not make that request and, indeed, specifically declined such an opportunity (see CPL 310.80; People v Mercado, 91 NY2d 960, 962-963 [1998]; People v Harden, 134 AD3d 1160, 1165 [2015], lv denied 27 NY3d 1133 [2016]).
Garry, P.J., Clark, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Although the indictment charged defendant in 12 counts, only five were submitted to the jury and she was convicted of two. Hence, we address only those two counts.