People v Hardware (2021 NY Slip Op 06772)





People v Hardware


2021 NY Slip Op 06772


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Gische, J.P., Kapnick, Kern, Gesmer, Kennedy, JJ. 


Ind No. 4473/17 Appeal No. 14759 Case No. 2018-04304 

[*1]The People of the State of New York, Respondent,
v
Darnell Hardware, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Matthew W. Christiana of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila L. Bautista of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered September 7, 2018, convicting defendant, after a jury trial, of persistent sexual abuse, and sentencing him, as a predicate sex offender previously convicted of a violent felony, to a term of four years, unanimously reversed, on the law, and the indictment dismissed.
The indictment was jurisdictionally defective because it "d[id] not effectively charge the defendant with the commission of a particular crime" (People v D'Angelo , 98 NY2d 733, 734 [2002]). A person is guilty of persistent sexual abuse (Penal Law § 130.53) when the person commits any of three separately codified offenses — forcible touching (Penal Law § 130.52), second-degree sexual abuse (Penal Law § 130.60), or third-degree sexual abuse (Penal Law § 130.55) — and the remaining requirements of § 130.53, which are not at issue in this case, are met. The indictment in this case charged defendant with "PERSISTENT SEXUAL ABUSE, in violation of Penal Law § 130.53." In its sole factual allegation, it alleged that, in New York County on November 17, 2017, defendant "subjected an individual known to the Grand Jury to sexual contact."
This abbreviated count failed to specify which of the three discrete qualifying offenses defendant was alleged to have committed. The bare allegation of "sexual contact" did not fulfill this function because sexual contact is an element of all three qualifying offenses. In failing to identify the qualifying offense, this count failed to satisfy the fundamental purposes of an indictment. It did not "provide[] the defendant with fair notice of the accusations made against him so that he [would] be able to prepare a defense" and it did not "provide[] some means of ensuring that the crime for which the defendant [was] brought to trial [was] in fact one for which he was indicted by the Grand Jury" (People v Sanchez , 84 NY2d 440, 445 [1994][internal quotation marks omitted]). We are therefore compelled to dismiss the indictment.
In light of this determination, we need not reach defendant's remaining arguments.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021