People v Lacy (2023 NY Slip Op 02394)

People v Lacy

2023 NY Slip Op 02394

Decided on May 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 04, 2023

Before: Webber, J.P., Gesmer, González, Scarpulla, Mendez, JJ. 

Ind No. 482/19 Appeal No. 163 Case No. 2021-01925 

[*1]The People of the State of New York, Respondent,
v
Ronnie Lacy, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Samuel Steinbock-Pratt of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Christian Rose of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered May 10, 2021, as amended May 10, 2021, convicting defendant, after a nonjury trial, of persistent sexual abuse, and sentencing him, as a second felony offender, to a term of four years, unanimously reversed, on the law, and the indictment dismissed.
The indictment was jurisdictionally defective because it failed to charge defendant with committing a particular crime (see People v Hardware, 200 AD3d 431 [1st Dept 2021], lv denied 38 NY3d 927 [2022]). The indictment purported to charge defendant with persistent sexual abuse, a statute that elevates the repeated commission of any of three separately codified misdemeanors to a felony (see id.), but it failed to "specify which of the three discrete qualifying offenses defendant was alleged to have committed" (id. at 431). Hardware is dispositive of this appeal, and the People's arguments to the contrary are unavailing. In Hardware the indictment alleged that defendant had "subjected an individual to . . . sexual contact." We held that this allegation was inadequate because 'sexual contact' is an element of all three of the qualifying offenses. Therefore, the indictment did not give defendant notice "with sufficient precision to clearly apprise the defendant . . . of the conduct which is the subject of the accusation" (CPL 200.50[7][a]; see also People v Sanchez, 84 NY2d 440, 445 [1994]). The only additional allegation in the indictment in this case is that defendant acted "without the [victim's] consent." That allegation similarly failed to specify the underlying crime, because the absence of consent is also an element shared by all three of the qualifying offenses.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2023