People v Luis R. (2023 NY Slip Op 05337)

People v Luis R.

2023 NY Slip Op 05337

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Mendez, O'Neill Levy, JJ. 

Ind No. 617/14 Appeal No. 838 Case No. 2017-1373 

[*1]The People of the State of New York, Respondent,
v
Luis R., Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Will A. Page of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Charles F. Hickerson, IV of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Alvin M. Yearwood, J.), rendered November 10, 2016, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, adjudicating him a youthful offender, and sentencing him to concurrent terms of six months and five years' probation, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge imposed on defendant at sentencing, and otherwise affirmed.
The first count of the indictment charged defendant with "the crime of criminal possession of a weapon in the second degree committed as follows: The defendant, Luis R[.], on or about February 16, 2014, in the County of the Bronx, did possess a loaded firearm, that being a revolver, such possession not being in his home or place of business. The subject matter of this count is an armed felony as that term is defined in Section 1.20 of the Criminal Procedure Law." On appeal, defendant argues that the indictment was jurisdictionally defective because it failed to allege that the weapon was operable, a material element of the crime (see People v Longshore, 86 NY2d 851, 852 [1995]), although that element is not reflected in the statutory language.
We find that the indictment was not jurisdictionally defective. "[A]n indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime" (People v Iannone, 45 NY2d 589, 600 [1978]). An indictment serves three primary purposes: (1) it provides the defendant with fair notice of the accusations made against him, so that he will be able to prepare a defense; (2) it ensures that the crime for which the defendant is brought to trial is in fact the one for which he was indicted by the grand jury; and (3) it protects a defendant from prosecution at another time for the same offense (People v Sanchez , 84 NY2d 440, 445 [1994]; Iannone, 45 NY2d at 594-595). Here, the indictment "incorporated Penal Law 265.03 and the elements of the crime of criminal possession of a weapon in the second degree by adopting the title of the statute" (People v Ray, 71 NY2d 849, 850 [1988]). It also incorporated CPL 1.20, which defines armed felony "as any violent felony offense defined in section 70.02 of the penal law that includes as an element . . . possession . . . of a deadly weapon, if the weapon is a loaded weapon from which a shot, readily capable of producing death or other serious physical injury may be discharged" (CPL 1.20[41] [a]). "The incorporation by specific reference to the statute operates without more to constitute allegations of all the elements of the crime" (People v D'Angelo, 98 NY2d 733, 735 [2002]; People v Cohen, 52 NY2d 584, 586 [1981]; People v Rodriguez, 97 AD3d 246, 251 [1st Dept 2012], lv denied 19 NY3d 1028 [2012]).
Based on our own interest of justice powers, we vacate the surcharge imposed on defendant at sentencing (see People v Chirinos, 190 AD3d [*2]434, 435 [1st Dept 2021]). We note that the People do not oppose this relief. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2023